Kerry P. DAUSSIN, Appellant,

v.

STATE of Texas, Appellee.

No. B14–81–632–CR.

Court of Appeals of Texas, Houston (14th Dist.).

May 6, 1982.

Frank Sheppard, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MILLER, Justice.

This appeal is brought from a conviction for aggravated robbery. Appellant was tried by a jury, which found him guilty of the robbery of a convenience store on December 2, 1980. The jury also found that appellant had previously been convicted of a felony and assessed punishment at ninety-nine (99) years confinement in the Texas Department of Corrections. Appellant now raises this appeal claiming four grounds of error. We find no reversible error below and affirm.

On the afternoon of December 2, appellant entered the Baby Giant Food Store at 2430 Airline Drive in Houston, produced a knife, and ordered the store clerk to open the cash register. When the clerk refused, appellant jumped over the counter and took some five hundred dollars out of the cash register. Appellant left on foot but was followed by a customer. The police arrived a few minutes later and were directed by the customer to a garage apartment where appellant lived. Appellant was apprehended, and a search of the apartment produced the stolen $500. Appellant was then taken in a police car back to the conve-

nience store where the clerk made a positive identification of appellant as the robber.

Initially, appellant asserts the indictment in his case was fundamentally defective because it failed to describe the property taken in the robbery. Appellant argues that without a description of the alleged property forming the basis of the robbery, he was not "put on notice as to what he was alleged to have taken by force."

■ Such an allegation is unnecessary in a charge of *aggravated* robbery, and its absence from an indictment is not fundamental error. The Court of Criminal Appeals has held a description of the property taken in an aggravated robbery situation is not required under Section 29.03 of the Texas Penal Code. *Robinson v. State,* 596 S.W.2d 130, 134 (Tex.Cr.App.1980); *Ex Parte Lucas,* 574 S.W.2d 162 (Tex.Cr.App. 1978). Since there was no error in the omission of the property description from the indictment, this ground of error is overruled.

In his second ground of error, appellant raises a *Stovall v. Denno*[1] claim. Subsequent to his arrest at his garage apartment appellant was placed in the back seat of the police car and taken to the scene of the robbery. Appellant remained in the back seat of the car while the store clerk made an identification of appellant as the man who had robbed him some thirty minutes earlier. Appellant was never placed in a lineup after his arrest, nor was he seen again by the complainant until his trial. Appellant asserts the one-on-one confrontation (showup) at the scene of the robbery was impermissibly suggestive to the point he was denied due process of law. *Stovall, supra.* He also asserts the trial court erred in not suppressing the in-court identification, because it was tainted by the impermissible showup at the scene.

■ The due process standard for pre-arrest police showups was established in *Stovall v. Denno, supra,* the third in the 1967 trilogy of cases dealing with police identification procedures.[2] The Supreme Court held in *Stovall* that the practice of showing suspects to witnesses for the purpose of identification when not as part of a lineup was to be condemned. A violation of an accused's rights of due process of law occurs when under the totality of the circumstances, a confrontation procedure is "so unnecessarily suggestive and conducive to irreparable mistaken identification." *Id.* at 301–302, 87 S.Ct. at 1972.

The possibility a showup could result in *misidentification* appears to be the Supreme Court's primary concern in the *Stovall* line of cases. In fact, *Wade, Gilbert* and *Stovall* were all aware of how easily a witness' recollection could be distorted by the circumstances or by the actions of the police. Therefore, the Supreme Court has always attempted to insure that a jury not hear eyewitness identification testimony unless that evidence possesses certain aspects of reliability. *Manson v. Brathwaite,* 432 U.S. 98, 112, 97 S.Ct. 2243, 2251, 53 L.Ed.2d 140 (1977).

■ The Supreme Court, however, has never held that due process is invariably violated by one-on-one showup procedures. *Biggers v. Tennessee,* 390 U.S. 404, 88 S.Ct. 979, 19 L.Ed.2d 1267 (1968). Convictions based on eyewitness identifications at trial will be set aside only if the pre-trial identification procedure is so impermissibly suggestive as to give rise to a "very substantial likelihood" of irreparable misidentification. *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *Piper v. State,* 484 S.W.2d 776 (Tex.Cr.App.1972). It is this likelihood of misidentification which violates an accused's rights of due process when such testimony is admitted into evidence. *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

1. 338 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

2. The first two cases are: *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, right to counsel in post-indictment lineups; and *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, due process considerations involving handwriting samples and in-court identification.

The case of *Manson v. Brathwaite, supra,* represents the Supreme Court's most complete analysis of the due process considerations in a *Stovall* showup situation. The Court restated its belief that, in essence, the *Stovall* due process right protects an *evidentiary* interest and that "*reliability* is the linchpin in determining the admissibility of identification for both pre- and post-Stovall confrontations." *Brathwaite,* 432 U.S. at 114, 97 S.Ct. at 2252, (emphasis supplied). The Court stated the factors to be considered in determining the admissibility of the testimony must be weighed against the corrupting effect of the suggestive identification procedures.

> These [factors] include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation.

*Id. See also: Allen v. Estelle,* 568 F.2d 1108, 1113 (5th Cir.1978).

■ The Texas Court of Criminal Appeals has followed *Stovall* and its progeny and has held that each case must be considered on its own facts to determine the likelihood of whether the pre-trial confrontation in question resulted in misidentification so as to deny the accused due process of law. *Writt v. State,* 541 S.W.2d 424, 427 (Tex.Cr.App.1976); *Piper, supra.* Taking into account the above cited authority by the Supreme Court and the Court of Criminal Appeals, we believe a sufficient indicia of reliability existed in the instant showup identification so as to not render the testimony violative of appellant's rights of due process.

The robbery in question took place between 3:00 and 3:30 on the afternoon of December 2. Appellant entered the store and was in plain sight of the clerk for approximately three minutes, giving the clerk ample opportunity to view his features. There is no indication the store was poorly lit or that the clerk had difficulty seeing appellant. There is also no indica-

tion appellant wore a mask or any covering over his face. The police obtained a detailed description of appellant from the clerk and arrested him at his garage apartment after being led to the location by the customer. A search of the premises revealed the stolen money, further supporting the reliability of the identification. The store clerk made a positive identification of appellant some thirty minutes after the robbery when the impression of the robber would have still been fresh on his mind. After considering the totality of these circumstances and weighing them in light of any suggestive aspects of the showup, we see the possibility of misidentification as rare. Therefore, under the authority of *Brathwaite,* we do not believe appellant was denied due process of law by the trial court's failure to suppress the in-court identification. *See: Munguia v. State,* 603 S.W.2d 876, 878 (Tex.Cr.App.1980).

Before closing our consideration of this ground an observation is in order. The State argues in its brief the showup in question was necessary so the police could insure they had the correct suspect or determine if they needed to continue their search. Drawing on language from the above-cited Supreme Court cases, the state asserts that a rule requiring police to wait until a suspect is placed in a lineup before witness identification is permitted would insure that many innocent people would be jailed while guilty suspects went free.

While we agree with the State, the facts of this case do not support this argument, and to propose it here threatens to completely do away with the protections of *Stovall.* The police officer arriving at the scene obtained a detailed description of appellant from the clerk. The officer was then led to appellant's garage apartment by the customer who had followed appellant from the store. Appellant was arrested and had his person searched, which produced a knife similar to that used in the robbery. The garage apartment was searched revealing a stack of money approximating the amount stolen. Considering the totality of the evidence supporting the arrest of appel-

lant, it is absurb for the state to argue the one-on-one showup was necessary to insure the police had the correct suspect. Because, however, the due process considerations of *Stovall* find their importance in preventing misidentification and untrustworthness, we do not believe this identification was inadmissible under the standard in *Brathwaite*. This ground of error is overruled.

In his third ground of error appellant asserts the trial court committed reversible error in making an improper comment on the weight of the evidence. During the direct examination of the complaining witness appellant's counsel made the following objection to the in-court identification:

MR. HINTON: The Defense hasn't had a chance to object to identification because of the language barrier. Up to this time we have had no opportunity to object. We do object at this time to identity until it is established out of the presence of the jury that there is no impropriety involved.

THE COURT: I don't know what you mean. You haven't had that opportunity. He already testified earlier the Defendant sitting at the counsel table was the one that came in the store and robbed him ... Members of the jury, step back to the jury room, please.

Appellant argues this was the first time in trial he had been identified as the robber. He asserts the totality of the testimony was that the complainant had seen appellant in the store. Therefore, he maintains the court's statement was a comment on the weight of the evidence reasonably calculated to prejudice his rights.

Appellant correctly states the standard that a comment of the court must be one that is "reasonably calculated to prejudice [a] defendant's rights" for error to exist. *Smith v. State,* 595 S.W.2d 120, 123 (Tex.Cr.App.1980); *Carrillo v. State,* 591 S.W.2d 876 (Tex.Cr.App.1979). After reviewing the record, we see no prejudice to appellant under the above standard. The trial court's comment was merely a casual response to appellant's counsel's claim that appellant had not been identified. The

comment came after numerous attempts by the part of the court to assist and facilitate the testimony of the complaining witness, a native of Pakistan who spoke broken English. This comment in no way comes close to the prejudice found in the cases cited in appellant's brief: *Hay v. State,* 472 S.W.2d 157 (Tex.Cr.App.1971) (where the trial court told the jury it was "wrong" to sign the verdict sheet "not guilty"), and *Carrillo v. State,* 591 S.W.2d 876 (Tex.Cr.App.1979) (the trial court stating the defendant's line of questioning was "getting to be a farce."). In fact, the comment in *Carrillo* was found to be an unguarded response not of the nature to benefit the state or prejudice the defendant's rights. *Id.* at 893. We believe the instant comment also fails to come within the above stated standard. *See: Smith v. State,* 595 S.W.2d 120 (Tex.Cr.App. 1980). This ground of error is overruled.

Finally, appellant claims the trial court erred in allowing the admission of testimony regarding the evidence seized as a result of the search of appellant's garage apartment. Appellant argues the testimony of Police Officer Alan Short concerning the money found in his apartment was inadmissible because the search was illegal and without a warrant or the existence of exigent circumstances. This being the case, appellant maintains the court erred in allowing the admission of the testimony concerning the $500.00 discovered in his apartment.

The events leading up to the search of the garage apartment are undisputed. After obtaining a description of the robber by the store clerk, the police were directed by the customer to appellant's upstairs garage apartment some ten blocks away. As the police approached the stairway on the outside of the garage appellant appeared on the upstairs landing. Some words were exchanged and appellant voluntarily came down the stairs. Appellant was then taken into custody and searched, revealing a knife in his pocket. Officer Short asked appellant if anyone else was in the apartment, whereupon the appellant told the police officer to go and check for himself. Officer

Short ascended the stairs and searched the apartment for other individuals. It was in the bathroom that Short found the $500.00, reportedly lying on the vanity in plain view.

■ We believe the trial court was correct in permitting this testimony to be admitted into evidence. The search of appellant's apartment resulting in the discovery of the stolen money was not illegal because Officer Short had the *consent* of appellant to enter and search his apartment. At the time appellant was taken into custody outside the apartment the police had no knowledge whether a friend or accomplice was upstairs waiting to attack or to destroy valuable evidence. Appellant was asked, and he gave the police permission to enter the apartment and search for another person. It was after entering the apartment with appellant's consent that Officer Short saw the stolen money in plain view.

■ When entry into a premises is justified by consent, a warrant, or exigent circumstances, a police officer is entitled to seize contraband seen in plain view. *Jackson v. State,* 489 S.W.2d 565 (Tex.Cr.App. 1972). This warrantless seizure is legitimate only where it is immediately apparent to the police the object in plain view is, in fact, evidence. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *De Lao v. State,* 550 S.W.2d 289 (Tex.Cr.App.1977); *Nicholas v. State,* 502 S.W.2d 169 (Tex.Cr.App.1973). Since Officer Short was lawfully on the premises as a result of appellant's consent, the seizure of the money in plain view was permissible. *Jackson v. State, supra.* The admission of Officer Short's testimony concerning the search was not an error. This ground of error is overruled.

As all appellant's grounds of error are overruled, the judgment of the trial court is affirmed.