**Van Terrell DICKERSON and Vaughn Terrell Dickerson, Appellants,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–01–00051–CR, 04–01–00052–CR.**

Court of Appeals of Texas, San Antonio.

June 26, 2002.

---

Lonnie Knowles, Law Offices of Lonnie R. Knowles, Houston, for appellant.

Charles A. Rosenthal, Jr., District Attorney, Bridget Holloway, Assistant District Attorney, Houston, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, CATHERINE STONE, Justice, SANDEE BRYAN MARION, Justice.

Opinion by: SANDEE BRYAN MARION, Justice.

The defendants, Van Dickerson and Vaughn Dickerson, are brothers who were tried together for the offense of aggravat-

ed robbery. A jury found defendants guilty and assessed punishment at ten years' confinement. The defendants do not challenge the sufficiency of the evidence; instead, they raise procedural complaints regarding ineffective assistance of counsel, the State's opening argument, whether a juror slept during trial, and the failure of the trial judge to recuse himself from hearing their motion for new trial. We conclude that the record does not support the defendants' complaints; therefore, we affirm the trial court's judgment.

## INEFFECTIVE ASSISTANCE OF COUNSEL

At trial, the defendants were represented by retained counsel, Ronald G. Mock. At the new trial hearing, several witnesses alleged that Mock drank before and during trial. The defendants argue that this "pattern and practice of intoxication" clouded Mock's judgment, and caused him to make decisions that prejudiced their right to a fair trial.

### Standard of Review

"Every defendant is entitled to be represented by a lawyer who is not only competent, but also is sober." *Mazratian v. State*, 961 S.W.2d 353, 359 (Tex.App.—Houston [1st Dist.] 1997, no pet.) (O'Connor, J., dissenting). However, assuming for the sake of argument that Mock consumed alcohol during trial, the burden remains with the defendants to show that Mock's performance was adversely affected because of the drinking. *Mazratian*, 961 S.W.2d at 358. Thus, defendants still must carry their burden of proving that they did not receive effective assistance of counsel.

To meet this burden, the defendants must prove by a preponderance of the evidence that: (1) counsel's performance was deficient, *i.e.*, his assistance fell below an objective standard of reasonable-

ness; and (2) defendants were prejudiced, *i.e.*, a reasonable probability exists that but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App.1999). There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and we look to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel. *Thompson*, 9 S.W.3d at 813. The defendants must overcome the presumption that the challenged acts or omissions might be considered sound trial strategy. *Gutierrez v. State*, 8 S.W.3d 739, 749 (Tex.App.—Austin 1999, no pet.). The fact that another attorney might have pursued a different course of action or tried the case differently will not support a finding of ineffective assistance of counsel. *Jimenez v. State*, 804 S.W.2d 334, 338 (Tex.App.—San Antonio 1991, pet. ref'd). To defeat the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* We evaluate the totality of the representation from counsel's perspective at trial, rather than counsel's isolated acts or omissions in hindsight. *Gutierrez*, 8 S.W.3d at 749. Any error in trial strategy will be deemed inadequate representation only if counsel's actions lack any plausible basis. *Howland v. State*, 966 S.W.2d 98, 104 (Tex.App.—Houston [1st Dist.] 1998), *aff'd*, 990 S.W.2d 274 (Tex.Crim.App.1999).

Generally, the trial record will not be sufficient to establish an ineffective assistance of counsel claim. *Thompson*, 9 S.W.3d at 813–14. Normally a silent record cannot rebut the presumption that

counsel's performance was the result of sound or reasonable trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim.App.1994). However, a defendant may rebut the presumption by providing a record from which the appellate court may determine that trial counsel's conduct was not based upon a strategic or tactical decision. *Jackson*, 877 S.W.2d at 771–72. This record may be provided, as in the instant case, during a motion for new trial hearing.

### Failure to Convey Plea Offers

■ The defendants allege Mock was ineffective because he did not convey a plea offer from the State. Evidence at the new trial hearing indicated that the prosecutor extended a plea offer, but he was unsure when he made the offer. When asked if he extended the offer up until trial, he responded, "It's hard to say whether or not there was a concrete offer on the table during trial, because it was their contention that they were not guilty, so the only way we were going to resolve this was with a trial. I had made [trial counsel] an offer and it was a lot more than ten years, and it was my understanding that they did not want another offer. They were not guilty, they wanted a jury trial and they got their jury trial." Mock said he and the prosecutor spoke once about a plea, but the State would offer only "pen" time. He said he explained the offer to the defendants, but they refused to plead to anything because they insisted they were not guilty of the charges. Vaughn testified that Mock never told him or Van that there was an offer for pen time. Vaughn said he would have taken an offer of deferred adjudication or probation.

■ A defendant has the right to be informed of plea bargain offers. *Monreal v. State*, 947 S.W.2d 559, 564 (Tex.

Crim.App.1997). Failure of defense counsel to inform a criminal defendant of plea offers made by the State is an omission that falls below an objective standard of professional reasonableness. *Ex parte Lemke*, 13 S.W.3d 791, 795 (Tex.Crim.App. 2000). Here, the trial court was entitled to believe Mock's statement that he disclosed the offer of pen time to his clients, and they declined the offer because they wanted to go to trial.

■ Further, in order to show ineffective assistance of counsel, a defendant must show that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Thompson*, 9 S.W.3d at 812. In the case of a plea bargain that was not relayed, this means proof that the offer would have been accepted. *Paz v. State*, 28 S.W.3d 674, 676 (Tex.App.—Corpus Christi 2000, no pet.). Vaughn contends he would have accepted an offer of deferred adjudication or probation; however, the prosecutor testified that his offer was for more than ten years' confinement. At the new trial hearing, Vaughn did not state unconditionally that he would have accepted an offer of ten years or more confinement. Thus, even if such an offer was made here and not relayed, or was improperly relayed, there is no proof of harm to the defendants.

### Closing Argument

■ The defendants contend Mock was ineffective because he did not object to the following statement by the prosecutor during punishment phase closing argument:

Ya'll are smart enough to find them guilty. I trust that you are going to give them the right punishment. It's not up to me to give you a number. Y'all are smart enough for that. *But there is a great reason to give them more than ten [years], okay? I can't tell you what it is now, but you will find*

*out after this is over.* Give them a lot because it will say—it will ring volumes to people who think about violating innocent people and to think about people who like to come in here and make a mockery out of this system that we have, a system that [trial counsel] says people die for. . . . (Emphasis added.)

The defendants contend the prosecutor was attempting to persuade the jury to deny them probation and enhance their punishment for a reason outside the record. At oral argument, the State conceded that these remarks were improper, and we agree. However, our review of counsel's representation is highly deferential, and we will not speculate on counsel's strategy. We are particularly hesitant to do so when, as here, a defendant has the opportunity to develop his complaints on the record but fails to do so. At the new trial hearing, Mock was not asked why he did not object to this statement; therefore, the record is insufficient to overcome the presumption of reasonable professional assistance.

**Severance of trials**

Vaughn asserts Mock's representation was deficient because he failed to seek a severance of the brothers' trials, he did not secure a record of Vaughn's refusal to have separate trials, and he did not mention a potential conflict of interest by representing the two brothers at the same trial.

■■■ Representation by the same attorney of multiple defendants in the same criminal trial may, under certain circumstances, amount to ineffective assistance of counsel. *Howard v. State*, 966 S.W.2d 821, 825 (Tex.App.—Austin 1998, pet. ref'd). A defendant who did not complain of a conflict of interest at trial can demonstrate a violation of the right to reasonably effective assistance of counsel if he can show that counsel was burdened by

an actual conflict of interest that had an adverse effect on specific instances of counsel's performance. *Monreal*, 947 S.W.2d at 564; *Howard*, 966 S.W.2d at 826. Merely showing a possible conflict of interest is not sufficient. *Ferguson v. State*, 639 S.W.2d 307, 310 (Tex.Crim.App. 1982); *Howard*, 966 S.W.2d at 826. The burden of showing an actual conflict of interest is on the defendant. *Howard*, 966 S.W.2d at 827. An actual conflict of interest arises when one defendant stands to gain significantly by counsel adducing evidence or arguments that are damaging to the cause of a co-defendant whom counsel is also representing. *Ex parte Alaniz*, 583 S.W.2d 380, 381 n. 3 (Tex.Crim.App.1979); *Howard*, 966 S.W.2d at 826. Where there is evidence of counsel's "struggle to serve two masters" that cannot be seriously doubted, a finding of ineffective assistance based on counsel's conflict of interest necessarily follows. *Ex parte Acosta*, 672 S.W.2d 470, 474 (Tex.Crim.App.1984); *Ex parte McCormick*, 645 S.W.2d 801, 806 (Tex.Crim.App.1983).

Vaughn contends Mock's potential conflict became actual during the guilt-innocence phase when various witnesses were asked questions concerning prior criminal history, without Mock identifying which defendant had the prior criminal history.

■■■ Generally, when two defendants are jointly indicted for the same offense, they should be tried jointly. However, the trial court may order separate trials, at its discretion. TEX.CODE CRIM. P. ANN. art. 36.09 (Vernon 1981). If a joint trial would prejudice either defendant, upon proper motion to sever, the trial court must sever the trial of the defendant whose joint trial could prejudice the other. *Id.* A request for severance, when not required as a matter of law, is a tactical decision to be made by trial counsel. *Woods v. State*, 998

S.W.2d 633, 635 (Tex.App.—Houston [1st Dist.] 1999, pet. ref'd).

At the new trial hearing, the prosecutor stated that the defendants had the same defense and he assumed they wanted to be tried together, but Mock did not indicate to him that Vaughn wanted a severance. Mock testified that the defendants wanted to be tried together, and when he spoke to them about it, neither wanted to be tried separately because all their mutual friends were going to testify on their behalf. He said that Van's prior admissible conviction (for changing a price tag on a baseball bat at a sporting goods store) was not of a nature that would cause him to ask for a severance. He stated that both defendants knew about Van's prior conviction and that it would be used against Van if he testified. He said it was his reasonable professional judgment to try the defendants together. Vaughn testified that he did not know he could have his trial separate from Van's trial, and he discovered that he could when he spoke to his new attorney during the new trial stage.

The trial court was entitled to believe that Mock discussed the possibility of separate trials with the defendants and that they rejected the option because they wanted to be tried together. Thus, the record does not support Vaughn's contention that Mock was deficient for failing to seek a severance of the brothers' trials.

**Conclusion**

 We do not condone an attorney's intoxication while preparing for trial or during trial as such behavior has the potential of impairing counsel's ability to make the type of tactical and strategic decisions necessary to effectively advocate on their client's behalf. Further, while the court has broad discretion in controlling the trial conduct of counsel, parties and witnesses, it also has an independent duty to ensure a fair trial. *See Randle v. State,*

826 S.W.2d 943, 946 (Tex.Crim.App.1992); *Camacho v. State,* 65 S.W.3d 107, 109 (Tex. App.—Amarillo 2000, no pet.); Tex.Code Crim. Proc. Ann. art. 2.03(b) (Vernon 1977). However, the record does not support the defendants' contention that Mock's alleged "pattern and practice of intoxication" clouded his judgment, leading him to make decisions that prejudiced their right to a fair trial. Therefore, the trial court did not abuse its discretion in denying the defendants' motion for new trial.

### OPENING ARGUMENT

The defendants contend the trial court erred in denying their motion for a mistrial, because during guilt-innocence phase opening argument, the prosecutor commented on their failure to testify:

> But the evidence is going to show and you are going to hear from witnesses that they have no grudge against these people, but were just fortunate enough to pick them out. I don't know if the defense is even going to put on a case. . . .

Mock objected to this statement, asked for an instruction to disregard, and moved for a mistrial. The trial court sustained the objection, instructed the jury to disregard, and overruled the motion for mistrial.

 Neither the trial judge nor the prosecutor may comment on the defendant's failure to testify. *Bustamante v. State,* 48 S.W.3d 761, 765 (Tex.Crim.App. 2001). Such a comment violates the privilege against self-incrimination and the freedom from being compelled to testify contained in the Fifth Amendment to the United States Constitution and article I, section 10, of the Texas Constitution. *Id.* To violate the defendant's constitutional rights, the offending language must be viewed from the jury's standpoint and the implication that the comment referred to

the defendant's failure to testify must be clear. *Id.* A mere indirect or implied allusion to the defendant's failure to testify does not violate the defendant's rights. *Patrick v. State*, 906 S.W.2d 481, 490–91 (Tex.Crim.App.1995). The test is whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify. *Bustamante*, 48 S.W.3d at 765. In applying this standard, the context in which the comment was made must be analyzed to determine whether the language used was of such a character. *Id.* The timing of the comment is a factor to consider in determining whether the comment was manifestly intended to be a comment on the defendant's failure to testify or was of such a character that the jury would necessarily take it as such. *Id.* at 767.

■ We conclude that the prosecutor's argument did not amount to a prohibited reference to the defendants' failure to testify. The comment was made during opening statements, before any evidence had been adduced. However, before the comments, the prosecutor told the jury about the witnesses who would identify the defendants. After the objection was sustained, the prosecutor next said, "They may call witnesses that. . . ." Defense again objected. It appears the prosecutor's remarks were not aimed at whether the defendants would testify, but rather at which, if any, witnesses the defense would call regarding whether the defendants committed the alleged offense. A prosecutor may comment on the defendant's failure to produce witnesses and evidence so long as the remark does not fault the defendant for exercising his right not to testify. *Patrick*, 906 S.W.2d at 491. Therefore, we hold that the language used was not manifestly intended or was of such

a character that the jury would necessarily and naturally take it as a comment on the defendants' failure to testify. *Bustamante*, 48 S.W.3d at 765. Accordingly, the trial court did not abuse its discretion in overruling the motion for mistrial.

### THE SLEEPING JUROR

The defendants assert the trial court abused its discretion in denying their motion for new trial based on jury misconduct; specifically, that a juror slept during the guilt-innocence phase.

■ At the new trial hearing, the prosecutor stated that no juror slept during the trial and Mock never mentioned a sleeping juror to him. Mock testified that he observed a juror who slept during crucial parts of the testimony, throughout the three days of trial.

■ The trial court is in the best position to observe the demeanor of the jurors. Where there is conflicting evidence on an issue of fact as to jury misconduct, the trial judge determines the issue and there is no abuse of discretion in overruling the motion for new trial. *Salazar v. State*, 38 S.W.3d 141, 148 (Tex.Crim.App.2001); *Zamora v. State*, 647 S.W.2d 90, 94 (Tex. App.—San Antonio 1983, no pet.). Because the testimony regarding whether the juror slept during trial was conflicting, the trial court did not abuse its discretion in denying the defendants' motion for new trial.

### MOTION TO RECUSE TRIAL JUDGE

The defendants filed a motion to recuse the trial judge from presiding over the new trial hearing because they intended to call him as a witness. Judge Stricklin declined the recusal and referred the motion to the administrative judge. *See* Tex.R. Civ. P. 18a(d). The administrative judge denied the motion to recuse. The

defendants contend the judge's observations about whether Mock was intoxicated and whether a juror slept during trial was important to the resolution of these disputed issues. The defendants conclude that if the judge testified at the new trial hearing, it would have compromised his ability to rule on the motion for new trial.

### Recusal

Recusals in criminal cases are governed by Texas Rule of Civil Procedure 18a. *Arnold v. State*, 853 S.W.2d 543, 544 (Tex.Crim.App.1993). A judge may recuse himself or refer the motion for recusal to the administrative judge for a decision. Tex.R. Civ. P 18a(c), (d). Rule 18b sets forth the grounds for recusal. A judge must recuse himself in any proceeding in which he is called as a material witness. Tex.R. Civ. P, 18b(2)(c). An order denying a motion to recuse is reviewed for an abuse of discretion. Tex.R. Civ. P. 18a(f).

When deciding a motion for new trial, it is not improper for the trial judge to rely, in part, upon his or her personal recollections of the evidence and proceedings at trial. *George v. State*, 20 S.W.3d 130, 139 (Tex.App.—Houston [14th Dist.] 2000, pet. ref'd), *disagreed with on other grounds, Cooper v. State*, 45 S.W.3d 77 (Tex.Crim.App.2001). If a judge's knowledge is derived solely from the testimony and events witnessed by him in the courtroom, he does not thereby become a "witness" and his recollection of the proceedings is not "testimony." *George*, 20 S.W.3d at 137–38. Here, whether a juror slept during trial and whether trial counsel was intoxicated during trial was in dispute. The administrative judge was aware that other witnesses could testify about these matters, and that Judge Stricklin could take his own observations into consideration. Therefore, we hold that the denial of the motion to recuse was not an abuse of discretion.

### Quashing Subpoena

The defendants subpoenaed Judge Stricklin, and the defendants assert the administrative judge abused his discretion in quashing the subpoena. The subpoena is not in the record and the record does not reveal whether the subpoena was directed at Judge Stricklin's testifying at the recusal hearing or at the new trial hearing. Therefore, we hold that the defendants have waived any complaint on this matter.

### CONCLUSION

We affirm the trial court's judgments.