Affirmed and Memorandum Opinion filed July 1, 2004









Affirmed and Memorandum Opinion filed July 1, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00579-CR

____________

 

ROY CHARLES BROWN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 923,104

 



 

M E M O R A N D U M  O P I N I O N

Appellant Roy Charles Brown was convicted
by a jury of possession of a controlled substance, and after he pleaded true to
two enhancements, the jury assessed punishment at life imprisonment.  In his sole issue on appeal, appellant
contends he was denied effective assistance of counsel during closing arguments
in the punishment phase of trial.  We
affirm.  

 

 








Factual and Procedural Background

Appellant was indicted for possession of
1.2 grams of cocaine he attempted to discard while being arrested during an
undercover narcotics operation.  The jury
found appellant guilty of possession of a controlled substance.  During punishment, the State=s only additional
evidence consisted of appellant=s stipulation that
he was previously convicted of ten other offenses.  The State then recited each offense
separately.  Thereafter, the State waived
its right to open closing argument, and appellant=s counsel
proceeded with her closing argument. 
Appellant=s counsel=s closing
argument, in its entirety, is as follows:

Ladies and gentlemen you=ve decided that Mr. Brown is
guilty.  I respect that decision.  I don=t agree with it but I respect it.  But now you have even an [sic] harder
choice.  You=ve got to decide what punishment to
assess on Mr. Brown and to me that seems like even a harder job than
guilt/innocence.  And I=d like to tell you we=re talking about a little bit more
than a gram.  A little bit more than B this is what Mr. Brown had on his
person that day.  

I feel like the punishment should
be appropriate for the crime.  This is
what we=re talking about ladies and
gentlemen.  This is what he had and I=m not saying Mr. Brown has led an
exemplary life.  He=s been in trouble, has a criminal
history and you know about the criminal history but still one gram, 1.2 grams,
little bit more than what=s inside this packet[1]
so when you=re back there and you=re thinking about what kind of
punishment you should assess think about what the crime is.  

Thank you. 

After the State delivered its closing
argument, the jury deliberated and assessed punishment at life imprisonment,
the maximum penalty.  Appellant filed a
motion for new trial, but did not allege ineffective assistance of counsel, and
there was no evidentiary hearing on the motion. 
Appellant now contends, for the first time on appeal, he was denied
effective assistance of counsel because his trial counsel=s brief closing
argument was inadequate.

 








Discussion

The United States Supreme Court has
established a two-prong test to determine whether counsel is ineffective. Strickland
v. Washington, 466 U.S. 668, 687 (1984). 
First, appellant must prove counsel=s performance was
deficient, i.e., it fell below an objective standard of
reasonableness.  Id.; Bone v.
State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  Second, appellant must prove the deficient
performance was so serious that it prejudiced his defense, i.e., there
is a reasonable probability that but for counsel=s errors, the
result of the proceeding would have been different.  Strickland, 466 U.S. at 687; Bone,
77 S.W.3d at 833.  Appellant must prove
both prongs by a preponderance of the evidence to prevail on his claim of
ineffective assistance of counsel.  Tong
v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).  Appellant must identify the specific acts or
omissions of counsel that constitute the alleged ineffective assistance and
affirmatively prove the acts or omissions fell below the professional norm for
reasonableness.  Strickland, 466
U.S. at 690; Garcia v. State, 112 S.W.3d 839, 845 (Tex. App.CHouston [14th
Dist.] 2003, no pet.).  The alleged
ineffectiveness must be firmly founded in the record.  Bone, 77 S.W.3d at 835.  If appellant fails to satisfy either prong of
the test, we do not need to consider the remaining prong.  Strickland, 466 U.S. at 687.  








Judicial scrutiny of counsel=s performance must
be highly deferential, and we indulge a strong presumption that counsel was
effective.  Strickland, 466 U.S.
at 689.  We presume counsel=s actions were
reasonably professional and motivated by sound trial strategy.  Id. 
Appellant must overcome this presumption by a preponderance of the
evidence by illustrating why trial counsel did what she did.  Belcher v. State, 93 S.W.3d 593, 595
(Tex. App.CHouston [14th Dist.] 2002, pet. dism=d).  A fair assessment of attorney performance
requires making every effort to eliminate the distorting effects of hindsight
and to evaluate the conduct from counsel=s perspective at
the time of trial.  Strickland,
466 U.S. at 689.  When evaluating an
allegation of ineffective assistance, an appellate court looks to the totality
of the representation and the particular circumstances of each case.  Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999).  The fact that
another attorney may have acted in a different manner will not be sufficient to
prove ineffective assistance, and an error in trial strategy will be considered
inadequate only if counsel=s actions lack any
plausible basis.  Dickerson v. State,
87 S.W.3d 632, 637 (Tex. App.CSan Antonio 2002,
no pet.). 

Generally, the record on direct appeal is
not sufficient to establish a claim of ineffective assistance of counsel
because a silent record cannot rebut the presumption that counsel=s performance was
based on sound or reasonable trial strategy. 
Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App.
2002).  A reviewing court should not
second guess trial counsel=s strategy in hindsight;
thus, an affidavit supporting a motion for new trial can be critical to the
success of a claim for ineffective assistance. 
Storr v. State, 126 S.W.3d 647, 651 (Tex. App.CHouston [14th
Dist.] 2004, no pet.); Stults v. State, 23 S.W.3d 198, 208-09 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d). 
In the absence of a record explaining trial counsel=s actions, a
reviewing court most likely cannot conclude trial counsel=s performance fell
below an objective standard of reasonableness unless the conduct was so
outrageous that no competent attorney would have engaged in it.  Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001); Storr, 126 S.W.3d at 650B51.  

In this case, appellant contends his trial
counsel should have argued more vigorously on his behalf.  Appellant first contends counsel should have
been prepared to rebut the State=s inference that
he was beyond rehabilitation.  Appellant
also argues his counsel should have explained that the range of punishment was
enhanced and thus much greater than the range applicable to the actual offense
for which appellant was on trial. 
Appellant set forth several examples of alternative arguments trial
counsel could have made, however, the fact that appellate counsel would have
made different arguments at trial is not sufficient to overcome the presumption
that counsel is competent.  Dickerson,
87 S.W.3d at 637.








Appellant relies heavily on an unpublished
opinion from this court, holding trial counsel=s performance
during closing argument of the guilt/innocence phase was deficient.  See Naranjo v. State, No.
14-99-01227-CR, 2001 WL 931380, at *10 (Tex. App.CHouston [14th
Dist.] Aug. 16, 2001, pet. ref=d) (not designated
for publication).  In Naranjo, we
recognized that decisions relating to closing argument are usually matters of
trial strategy, but there could be no plausible strategic reason for giving an
argument that is Aaimless, incoherent, devoid of substance,
and without any apparent purpose.@  Id. 
Thus, we concluded trial counsel=s final argument
was wholly inadequate and fell below the objective standards of professional
conduct.  Id.   

Here, although closing argument was brief,
there is no similarity to the closing argument in Naranjo.  Appellant contends trial counsel should have
anticipated and countered the State=s argumentCan argument given after
appellant=s counsel=s argumentCby assuming the
substance and also rebutting the inferences that were contained in the State=s argument.  Appellant criticizes counsel for not delving
into his criminal history and explaining that the prior crimes were
non-violent.  However, we will deem
counsel ineffective only when there can be no plausible reason for her
actions.  Dickerson, 87 S.W.3d at
637.  It is possible counsel did not want
to emphasize appellant=s lengthy list of prior criminal
convictions.  Trial counsel instead chose
to recognize appellant had a criminal history, but argued that regardless of
the history, the punishment should be proportional to the actual crime committed,
here possession of a small amount of cocaine. 

Appellant also contends counsel erred in
failing to explain the severity of the punishment range in this case when
compared to punishment ranges for the same or similar crimes without
enhancement.  While counsel did not
specifically delineate the various ranges of punishment for similar crimes, she
did emphasize the small amount of cocaine that was in appellant=s possession.  The record is silent regarding trial counsel=s reasons for not
delving into other punishment ranges; thus, without a sufficient record,
appellant has failed to rebut the presumption trial counsel=s actions were
based on a reasonable trial strategy.  Greeno
v. State, 46 S.W.3d 409, 416 (Tex. App.CHouston [14th
Dist.] 2001, no pet.).    








Because there was no motion for new trial
raising the grounds of ineffective assistance of counsel, there is no evidence
in the record about why trial counsel decided to deliver the closing argument
she did.  Appellant proffers nothing to
overcome the strong presumption that counsel=s decision was
reasonably professional and motivated by sound trial strategy from her
perspective at the time of trial. 
Accordingly, we hold appellant has failed to prove by a preponderance of
the evidence trial counsel=s performance was
deficient.  

Accordingly, we overrule appellant=s sole issue and
affirm the judgment of the trial court.

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed July 1, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  According to
appellant, trial counsel displayed a Sweet-n-Low type packet at this point
during closing argument.