*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



## MEMORANDUM OPINION

No. 04-10-00287-CR

Ruben **GONZALES**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 09-0578-CR
Honorable W.C. Kirkendall, Judge Presiding

Opinion by:   Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
              Sandee Bryan Marion, Justice
              Phylis J. Speedlin, Justice

Delivered and Filed:   July 13, 2011

AFFIRMED

A jury found Ruben Gonzales, Jr. guilty of committing assault causing bodily injury to a family member.  Gonzales pleaded "true" to enhancement allegations, and the jury assessed his punishment at thirty-five years imprisonment.  Gonzales appeals his conviction, claiming: (1) the trial court abused its discretion by denying his request for a mistrial; (2) the trial court abused its discretion in admitting extraneous offense evidence; and (3) he received ineffective assistance of counsel.  We affirm the trial court's judgment.

## BACKGROUND

Senaida Vasquez and Gonzales had been dating for nearly five months when the couple got into an altercation. Gonzales punched Vasquez in the face and body. Gonzales was indicted for assault causing bodily injury to a family member, enhanced by his previous felony convictions. Gonzales entered a plea of not guilty and proceeded to trial. The jury found Gonzales guilty of the charged offense. Gonzales pleaded "true" to the enhancement allegations, and the jury assessed Gonzales's punishment at thirty-five years imprisonment.

## MOTION FOR MISTRIAL

In his first issue, Gonzales argues the trial court erred when it denied his motion for a mistrial. We review a trial court's decision to deny a mistrial under an abuse of discretion standard. *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004). "In reviewing a trial court's ruling on a motion for mistrial, an appellate court must uphold the trial court's ruling if it was within the zone of reasonable disagreement." *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007).

"A mistrial is the trial court's remedy for improper conduct that is 'so prejudicial that expenditure of further time and expense would be wasteful and futile.'" *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)). It is required "[o]nly in extreme circumstances, where the prejudice is incurable." *Id*. Prejudice is incurable when conduct is "calculated to inflame the minds of the jury or was of such damning character as to suggest it would be impossible to remove the harmful impression from the jurors' minds." *Rojas v. State*, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998).

When "analyzing whether the prejudicial event is so harmful that the case must be redone, we consider (1) the prejudicial effect, (2) the curative measures taken, and (3) the

certainty of conviction absent the prejudicial event." *Austin v. State*, 222 S.W.3d 801, 815 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). A prompt instruction to disregard will usually cure any prejudice resulting from a witness's improper reference to a defendant's criminal history. *See, e.g., Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000) ("Ordinarily, a prompt instruction to disregard will cure error associated with an improper question and answer, even one regarding extraneous offenses."); *Ladd*, 3 S.W.3d at 571 (concluding an instruction to disregard cured witness's improper reference to defendant's multiple juvenile arrests); *Whitaker v. State*, 977 S.W.2d 595, 600 (Tex. Crim. App. 1998) (determining an instruction to disregard a witness's statement about extraneous offense was sufficient to cure error); *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992) (holding a witness's reference to the defendant as having "recently been released from the penitentiary" cured by instruction to disregard); *Nobles v. State*, 843 S.W.2d 503, 514 (Tex. Crim. App. 1992) (concluding a witness's remark that defendant "didn't want to go back to prison" was cured by prompt instruction to disregard).

During defense counsel's cross-examination of the complainant, counsel began questioning Vasquez about where Gonzales was living at the time of the offense. When asked whether Gonzales was living with his sister and receiving mail at his mother's house, Vasquez remarked "that's what was reported to his parole officer." Defense counsel immediately moved for a mistrial based upon the witness's reference to Gonzales's parole officer. The trial court overruled defense counsel's request for a mistrial, but granted counsel's alternative request for an instruction to disregard. When trial recommenced, the trial court instructed the jury as follows:

> Ladies and Gentlemen of the Jury, as I told you earlier, from time to time, the lawyers are called upon to make objections, and I'm required to make rulings. And I am ordering that the Jury not consider for any purpose the last answer of the witness.

Gonzales argues the trial court abused its discretion in refusing to grant a mistrial because Vasquez's remark about Gonzales's parole officer was so prejudicial that it was impossible for the jury to disregard it. After considering the particular facts of this case, we see nothing in the record that suggests Vasquez's testimony was so "highly prejudicial and incurable" that the trial court erred in denying the motion for mistrial.

First, the record shows that the jury was already on notice that Gonzales had at least one prior conviction when the complainant testified. The record reveals the trial court notified the jury at the start of Gonzales's trial that "the State and the Defendant have entered into a stipulation that the Defendant . . . is the same person who was previously convicted of an offense against a member of [his] family . . . on November 28, 2001." Second, the complained of testimony was unsolicited and there was no further mention of Gonzales's parole status during the guilt-innocence phase of the trial. Third, the trial court's instruction to disregard was prompt, unequivocal, and forceful. Finally, there was ample evidence to establish Gonzales's guilt aside from the prejudicial event. The complainant gave detailed testimony about Gonzales's assault, including that Gonzales had hit her "with his closed fist on the side of [her] face and on [her] face and arm and parts of [her] body." In addition, the jury heard testimony from Maria Cavallos, Vasquez's daughter, that she could hear Vasquez and Gonzales arguing and fighting when she came to see her mother that day. Cavallos further told the jury that her mother's face was "real red" and that her mother was "crying and upset" when she saw her mother. The jury further heard testimony from the investigating officer that the injuries he observed on Vasquez were consistent with the complainant being hit or punched by Gonzales. Under the circumstances, we believe the trial court acted reasonably in concluding its instruction to disregard was effective to cure any prejudice resulting from the complainant's parole status

remark. *See Aliff v. State*, 627 S.W.2d 166, 172 (Tex. Crim. App. 1982) (determining jury instruction was sufficient to cure error after the State's witness testified that he had "talked with [the defendant's] Houston County Probation Officer."). We therefore hold the trial court did not abuse its discretion in denying Gonzales's motion for mistrial and overrule his first issue on appeal.

### EXTRANEOUS OFFENSE EVIDENCE

In his second issue, Gonzales argues the trial court abused its discretion in admitting extraneous offense evidence concerning several other complaints Vasquez had made to the police about him. During the State's redirect examination of Vasquez, the following exchange occurred:

> Q. Now, Senaida, when we're talking about the — Counsel asked you about a time when Officer Guerra was at your residence, and that you stated that this Defendant was no longer living there.
>
> A. Uh-huh.
>
> Q. That was actually not the date that we're talking about in this indictment. That was on February 12th of 2009, correct?
>
> A. Like I said, there were several reports made.
>
> Q. That was after. But the time you talked to Officer Guerra was after this assault, correct? When . . . the officer was at your house speaking to you about whatever it is that happened, it was after this assault occurred, correct?
>
> A. I'm not sure.
>
> Q. Okay.

Defense Counsel thereafter stated: "Your Honor, I object and move to strike any comments about other reports made." The trial court overruled defense counsel's objection and motion to strike Vasquez's remark.

To preserve a complaint for appeal, a party must lodge a timely and specific objection and obtain an adverse ruling. TEX. R. APP. P. 33.1(a); *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008). An objection is timely if it comes at the earliest opportunity or as soon as the ground for the objection becomes apparent. *Moore v. State*, 999 S.W.2d 385, 403 (Tex. Crim. App. 1999). An objection made after the prosecutor has elicited testimony typically comes too late. *Cruz v. State*, 238 S.W.3d 381, 385 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd); *Angelo v. State*, 977 S.W.2d 169, 177 (Tex. App.—Austin 1998, pet. ref'd). Here, Gonzales failed to preserve his complaint for appellate review because his objection to Vasquez's testimony came too late. It was incumbent on Gonzales to timely object to Vasquez's testimony about the other reports, but he waited until after the prosecutor had elicited other testimony from Vasquez to do so.

In addition, the record demonstrates that prior to the aforementioned statement by Vasquez a similar statement came into evidence without an objection from Gonzales:

> Q.     And isn't it true that you didn't tell the officer anything about getting hit about your body that day?
>
> A.     There were so many reports that were made —

"'An error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection.'" *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (citation omitted); *see Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) ("In addition, a party must object each time the inadmissible evidence is offered or obtain a running objection."). Given these circumstances, Gonzales cannot establish reversible error on appeal. Gonzales's second issue on appeal is therefore overruled.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In his third issue, Gonzales claims he received ineffective assistance of counsel. A claim of ineffective assistance of counsel entails two components. *State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). An appellant claiming ineffective assistance of counsel must establish both that his trial counsel performed deficiently and that the deficiency prejudiced him. *Id.* For appellant to meet his burden, he must prove his attorney's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for the attorney's deficiency, the result of the proceeding would have been different. *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). The *Strickland* standard applies to claims of ineffective assistance both during the guilt/innocence and punishment phases of trial. *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

Our review of counsel's representation is highly deferential, and we indulge a strong presumption that counsel's conduct falls within a wide range of reasonable representation. *Morales*, 253 S.W.3d at 696; *Tong*, 25 S.W.3d at 712. We review the effectiveness of counsel in light of the totality of the representation and the particular circumstances of each case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Direct appeal is usually an inadequate vehicle for raising an ineffective assistance of counsel claim because the record is generally undeveloped. *Id.* at 813-14. Moreover, "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). "Absent such opportunity, an appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no

competent attorney would have engaged in it.'" *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citation omitted).

Gonzales contends he received ineffective assistance of counsel because defense counsel failed to: (1) properly question the venire panel about their possible prejudices; (2) object to the admission of several exhibits; (3) present evidence on mitigation during punishment; and (4) introduce exculpatory evidence during trial. The record, however, is insufficient to support Gonzales's claims. Gonzales did not file a motion for new trial so no hearing was conducted to explore defense counsel's reasoning and trial strategy. To know defense counsel's reasoning concerning the aforementioned matters would require us to speculate, which we cannot do. Without affirmative evidence in the record to overcome the presumption of reasonable assistance, we are not persuaded by Gonzales's claim of ineffective assistance of counsel.[1] Gonzales's third issue is overruled.

## CONCLUSION

Based on the forgoing, the judgment of the trial court is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH

---

[1] *See Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984) (recognizing trial counsel's failure to object to certain procedural mistakes or improper evidence does not necessarily constitute ineffective assistance of counsel); *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983) (declining to find counsel ineffective for failing to call witnesses during guilt-innocence and punishment stages where appellant did not demonstrate such witnesses were available or how he would benefit from their testimony); *Dickerson v. State*, 87 S.W.3d 632, 637 (Tex. App.—San Antonio 2002, no pet.) ("The fact that another attorney might have pursued a different course of action or tried the case differently will not support a finding of ineffective assistance of counsel."); *Salas v. State*, No. 04-98-00895-CR, 2001 WL 578575, at *3 (Tex. App.—San Antonio May 31, 2001, pet. ref'd) (not designated for publication) (concluding counsel's failure to introduce exculpatory evidence did not constitute ineffective assistance where there was nothing in the record to explain counsel's rationale); *White v. State*, 999 S.W.2d 895, 898 (Tex. App.—Amarillo 1999, pet. ref'd) (stating that where a topic is broached and explored by others, defense counsel need not traverse those territories to be effective).