The STATE of Texas, Appellant,

v.

David WILLIAMS, Appellee.

No. 13–00–587–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 1, 2002.

**372**

Edward M. Lavin, Attorney At Law, San Antonio, for Appellant.

Rebecca G. Flanigan, Corpus Christi, for Appellee.

Before Justices DORSEY, YAÑEZ, and CASTILLO.

## OPINION

YANEZ, Justice.

By one issue, the State appeals the trial court's order granting appellee, David Williams, a new trial. We affirm.

Appellee pled not guilty to three counts of aggravated sexual assault of a child.[1] The jury found him guilty of count one, and found him guilty of the lesser included offense, indecency with a child, in counts two and three.[2] The jury imposed punishment of five years confinement in the Institutional Division of the Texas Department of Criminal Justice on count one and ten years on each of the remaining two counts. The sentences on counts two and three were suspended, and appellee was placed on two years community supervision for counts two and three, with all sentences to run concurrently.

Appellee timely filed a motion for new trial, alleging that under rule 21.3(a) of the Texas Rules of Appellate Procedure,[3] he was harmed by his trial counsel's failure

---

1. *See* TEX. PEN. CODE ANN. § 22.021 (Vernon Supp.2002).

2. *See Pullin v. State,* 827 S.W.2d 1, 3 (Tex. App.-Houston [1st Dist.] 1992, no pet.) (stating, "It is well settled that indecency with a child is a lesser included offense of aggravated sexual assault. . . .").

3. Texas Rule of Appellate Procedure 21.3 provides, in pertinent part: "The defendant must be granted a new trial for any of the following

reasons: (a) except in a misdemeanor case in which the maximum possible punishment is a fine, when the defendant has been unlawfully tried in absentia or has been denied counsel." TEX. R. APP. P. 21.3(a); *see State v. Gonzalez,* 855 S.W.2d 692, 694 (Tex.Crim.App.1993) (stating that a defendant can raise ineffective assistance of counsel by way of a motion for new trial even though that ground was not listed in rule 30(b) [now rule 21.3] ).

to: (1) fully explain the State's offer of five (5) years deferred adjudication prior to trial, and (2) fully explain that, "although any sentence awarded by the jury would result in [him] serving 50% of the time before being eligible for parole, that in reality, [he] would most likely serve 85% to 95% of his time incarcerated." After a hearing, the trial court granted the motion. The State appeals the order of a new trial. We affirm.

## Standard of Review

■■■ We review orders granting a new trial under an abuse of discretion standard. *State v. Gonzalez,* 855 S.W.2d 692, 696 (Tex.Crim.App.1993); *State v. Blanco,* 953 S.W.2d 799, 801 (Tex.App.-Corpus Christi 1997, pet. ref'd). We must examine the record to determine whether the trial court granted a new trial without reference to any guiding rules or principles. *Blanco,* 953 S.W.2d at 801. Moreover, a trial court's decision should not be disturbed on appeal absent a clear abuse of discretion. *Id.* Thus, we must affirm the new trial so long as we determine that the court acted within its discretion in granting the motion under any one of the grounds alleged in appellee's motion. *Id.* at 802.

In cases alleging ineffective assistance of counsel, courts apply the *Strickland* test. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State,* 726 S.W.2d 53, 54–55 (Tex.Crim.App.1984) (adopting *Strickland* as the appropriate standard under Texas law). The *Strickland* test consists of two prongs: (1) trial counsel's performance fell "below an objective standard of reasonableness" and (2) the deficient performance prejudiced the defense by a "reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 686, 694, 104 S.Ct. 2052. Appellee must show ineffective assistance firmly rooted in the record. *Jackson v. State,* 877 S.W.2d 768, 771–72 (Tex.Crim.App.1994); *Paz v. State,* 28 S.W.3d 674, 676 (Tex.App.-Corpus Christi 2000, no pet.). The appellee must prove both prongs of the *Strickland* test by a preponderance of the evidence. *Moore v. State,* 694 S.W.2d 528, 531 (Tex. Crim.App.1985). In determining whether there was ineffective assistance of counsel, the court must consider the trial as a whole as opposed to isolated incidents of counsel's performance. *Id.*

## Background

Appellee's trial counsel testified at the hearing on the motion for new trial that he informed appellee of the plea offer of five (5) years deferred adjudication community supervision shortly after the offer was extended before trial. Counsel said that he did not remember explaining to appellee what deferred adjudication meant. Also, counsel testified that although the offer remained open a few days prior to trial, he did not recommunicate the offer or mention it to appellee again. Appellee testified that if his trial counsel had fully explained the offer, he would have discussed it with his wife, and he would have accepted the offer. Appellee consistently maintained his innocence throughout pre-trial and in the motion for new trial hearing.

## Analysis

■■■ The State concedes that although no Texas case has directly held that counsel must fully explain plea offers, the law in Texas suggests that such a duty exists.[4]

---

4. *See Glorioso v. State,* 744 S.W.2d 202, 205 (Tex.App.-Houston [14th Dist.] 1987) (noting

In addition, federal courts have imposed a duty on counsel to fully explain plea offers.[5] We agree that counsel's duty to a client includes fully explaining any plea offers in order to help a client make an informed decision. *See Howard v. State,* 667 S.W.2d 265, 267 (Tex.App.-Dallas 1984), *aff'd;* 690 S.W.2d 252 (Tex.Crim. App.1985); *see also Hanzelka v. State,* 682 S.W.2d 385, 387 (Tex.App.-Austin 1984, no pet.). As such, we agree with the trial court that counsel's conduct in this case fell below an objective standard of reasonableness in failing to explain the State's plea offer of five years deferred adjudication community supervision. We hold that the first prong of the *Strickland* test is met. *See Strickland,* 466 U.S. at 687, 104 S.Ct. 2052.

■ The State concentrates its arguments on the second prong of *Strickland.* The State asserts that the trial court abused its discretion by granting a new trial in the absence of credible evidence and corroborating evidence that the appellee would have accepted the plea bargain offer if it had been explained to him. The State argues that this case is distinguishable from cases finding ineffective assis-

tance in circumstances where an attorney fails to inform a client of a plea bargain offer. *See, e.g., Paz,* 28 S.W.3d at 676. The State proposes that in the case at bar, where the attorney conveyed the existence of a plea bargain offer, but failed to explain it, a different legal standard should be applied to the second prong of *Strickland.* Specifically, the State urges this Court to weigh the evidence presented in the hearing on the motion for new trial against appellee's statements maintaining his innocence. The State contends that the evidence precludes any reasonable finding that a probability exists that appellee would have accepted the plea bargain offer if his counsel had explained it to him fully, and that appellee therefore cannot satisfy the second prong of *Strickland.* Alternatively, the State urges us to require objective corroborating evidence in the record to support appellee's contention that he would have accepted the plea bargain offer if it had been explained to him. First, we address the State's argument that objective corroborating evidence in the record is required to support appellee's assertion that he would have accepted the offer if it had been explained to him.

that defense attorneys have a duty to fully advise their clients regarding the desirability of a particular plea and that the accused bears the sole responsibility for making the decision on what plea should be entered), *remanded on other grounds,* 746 S.W.2d 483 (Tex.Crim.App.1988); *Howard v. State,* 667 S.W.2d 265, 267 (Tex.App.-Dallas 1984) (stating, "To the extent this case concerns a guilty plea, we must apply the standard which requires counsel to provide the defendant with an understanding of the law relating to the facts sufficient to insure an informed and conscious choice."), *aff'd,* 690 S.W.2d 252 (Tex.Crim.App.1985); *Hanzelka v. State,* 682 S.W.2d 385, 386–87 (Tex.App.-Austin 1984, no pet.) (quoting provisions of the Texas State Bar Code of Professional Responsibility and the American Bar Association Standards for Criminal Justice [referred to as The Defense

Function] which pertain to an attorney's duty to fully inform clients of plea bargain offers).

**5.** *See United States v. Day,* 969 F.2d 39, 43 (3d Cir.1992) (noting that the difference in sentence exposure between accepting a plea offer and standing trial is crucial information in the decision of whether to plead guilty); *Beckham v. Wainwright,* 639 F.2d, 262, 267 (5th Cir.1981) (finding ineffective assistance of counsel when attorney gave erroneous advice to client which resulted in client's withdrawal of his guilty plea and instead stood trial facing the possibility of the maximum sentence); *Herring v. Estelle,* 491 F.2d 125, 128 (5th Cir.1974) (stating that counsel must "actually and substantially assist his client in deciding whether to plead guilty.... His advice should permit the accused to make an informed and conscious choice.").

The State maintains that other jurisdictions considering cases in which a defendant has rejected a plea offer and later claimed that he would have accepted it but for his attorney's deficient advice view such self-serving statements skeptically. *See Turner v. Tennessee,* 858 F.2d 1201, 1206 (6th Cir.1988), *vacated on other grounds,* 492 U.S. 902, 109 S.Ct. 3208, 106 L.Ed.2d 559 (1989); *People v. Curry,* 178 Ill.2d 509, 227 Ill.Dec. 395, 687 N.E.2d 877, 888 (1997); *In re Alvernaz,* 2 Cal.4th 924, 8 Cal.Rptr.2d 713, 830 P.2d 747, 756 (1992). In these cases, courts have required that the record include objective corroborating evidence in order to find that a defendant would have accepted the offer. *Turner,* 858 F.2d at 1206; *Curry,* 227 Ill.Dec. 395, 687 N.E.2d at 888; *Alvernaz,* 8 Cal. Rptr.2d 713, 830 P.2d at 756.

■ Texas courts, on the other hand, have found that the second prong of *Strickland* is met and ineffectiveness of counsel is established in circumstances where counsel fails to communicate a plea bargain offer, and the defendant states that he would have accepted the plea bargain offer if he had been informed of it. *Ex parte Lemke,* 13 S.W.3d 791, 796 (Tex. Crim.App.2000) (accepting without further inquiry the trial court's finding that defendant would have accepted the State's plea bargain offer if his counsel had informed him of it); *Paz v. State,* 28 S.W.3d at 676 (noting that the defendant stated that he would have accepted the plea bargain offer had he known of it, that the acceptance of the offer would have likely resulted in a lighter sentence, and concluding that the outcome of the trial would have been different if defendant had known of the plea bargain offer such that the second prong of *Strickland* was met). Defendants who are not informed of a plea bargain offer at all by their attorneys are generally viewed as having been prejudiced by the missed opportunity to accept an offer and present it to the court for consideration in sentencing. *Lemke,* 13 S.W.3d at 796.

In the present case, counsel's failure to fully explain the offer effectively denied appellee the opportunity to make an informed decision about whether to accept or reject the offer. *See id.* Counsel testified that he did not recall explaining the meaning of the offer of deferred adjudication to appellant. Appellant testified that if his attorney had explained the offer to him, he would have accepted it. We conclude the trial court could have reasonably concluded that the attorney's failure to explain the offer of deferred adjudication community supervision was, in effect, indistinguishable from a failure to inform appellee of the offer at all. We hold that the trial court did not abuse its discretion in accepting appellee's assertion that he would have taken the offer if it had been explained to him. If he had accepted the offer, he likely would have received deferred adjudication community supervision, rather than the five years imprisonment he received as a result of trial. We conclude the evidence is sufficient to establish the second prong of *Strickland. See Paz,* 28 S.W.3d at 676.

Accordingly, we hold that the trial court did not abuse its discretion in finding that counsel's failure to explain the plea offer prejudiced appellee's ability to make an informed choice, and thus deprived him of effective assistance of counsel. We affirm the order of the trial court granting a new trial.