Affirmed and Opinion filed _____________, 2002

















Affirmed and Majority
and Concurring Opinions filed September 26, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-00385-CR

____________

 

BELINDA HARVEY,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



On Appeal from the
County Criminal
 Court at Law No. 10

Harris
 County, Texas

Trial Court Cause
No. 1012398




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M A J O R
I T Y   O P I N I O N

            Following a mistrial in
which the first jury deadlocked, a second jury found appellant Belinda Harvey
guilty of making a false report of child abuse and assessed the maximum
sentence, confinement for one year and a $4,000 fine.  See Tex.
Fam. Code § 261.107; Tex. Pen. Code § 12.21. 
On appeal, she alleges the trial court erred in refusing to strike a
juror for cause and in admitting testimony by a former attorney, and her
counsel erred in failing to convey an offer from the prosecution.  We affirm.

            Appellant, a paralegal at a Houston
law firm, was fired from her job in May 2000. 
About a month later, she called Child Protective Services and
anonymously reported that one of the attorneys at the firm had physically
abused his two-year-old daughter in February of 2000.  The case worker assigned to investigate the
allegations found no significant signs of abuse and closed the case.  Thereafter the grand jury returned a
misdemeanor indictment against appellant for making a false report of child
abuse.

Challenge for Cause

            In her first point of error,
appellant asserts an unacceptable juror was seated because she had to expend
her last peremptory strike on a disqualified panel member whom the trial court
refused to strike.  She asserts the
latter was disqualified as a matter of law because of opinions as to
appellant’s guilt that would influence her verdict.  See Tex.
Code Crim. Proc. art. 35.16(a)(10).  We review the entire record for sufficient
evidence to support the ruling, giving great deference to the trial judge’s
ability to observe demeanor and tone of voice. 
Feldman v. State, 71 S.W.3d 738, 744 (Tex.
Crim. App. 2002).

            Initially, the State argues this
issue is not preserved because appellant never challenged the juror.  While it is true those words do not appear in
the record, defense counsel’s challenge to this panel member and the grounds
for it were abundantly clear.  After
extensive questioning of the potential juror at the bench, the trial judge
stated, “Have your seat.  Be
overruled.”  Only one thing could have
been “overruled” — the challenge for cause everyone knew was contemplated by
the bench conference.  The context here
indicates the trial court was acutely aware of the complaint and the specific
grounds underlying it.  See Tex. R. App. P. 33.1(a)(1)(A).  We hold appellant preserved error for our
review.  See Cooks v. State,
844 S.W.2d 697, 718 n.13 (Tex. Crim. App. 1992)
(noting appellant’s interest in challenging juror apparent from record despite
lack of express challenge).  

            Nevertheless,
we disagree with appellant that the challenged juror had concluded appellant
was guilty.  During voir
dire, defense counsel asked the panel whether a person’s delay in reporting an
allegation of abuse would cause them to “conclude automatically” that the
person knew the report was false.  While
the challenged juror initially indicated a long delay would “color my judgment,”
upon further examination she testified she would decide the case on its facts,
and would not find anyone “automatically guilty” because of a delay.[1] 

            A juror
who has formed an opinion as to guilt, but has not stated unequivocally that it
will influence his or her verdict, is not disqualified if the trial court is
satisfied from the whole record that the juror can render an impartial
verdict.  See Tex. Code Crim.
Proc. art. 35.16(a)(10).  The
trial court’s conclusion here falls within the area of its discretion.  See Cannady v.
State, 11 S.W.3d 205, 209 (Tex. Crim. App. 2000)
(finding no abuse of discretion in denying motion to strike juror who initially
stated he “can’t help but think” defendant guilty, but subsequently said he
would follow the law).

            More important, we are not convinced
article 35.16(a)(10) is intended to address conclusions jurors may draw from
facts presented to them during voir dire.  The article appears to address bias obtained before
entering the courtroom, “from hearsay” or “from reading newspaper accounts,
communications, statements or reports or mere rumor.”  See Tex.
Code Crim. Proc. art. 35.16(a)(10).  Here, by contrast, no one on the jury panel
indicated any familiarity with appellant or the incident alleged.  The “bias” addressed by appellant related
solely to the facts that would be introduced during the trial.

            In Standefer
v. State, the Court of Criminal Appeals made clear this is not a basis for
disqualifying jurors.  59 S.W.3d 177 (Tex.
Crim. App. 2001). 
In that case, the court prohibited commitment questions that ask
prospective jurors not to decide a case based on a particular fact when
the law says they can.  Id.
at 179, 181 (prohibiting question whether jurors would presume guilt from
defendant’s refusal to submit to breath test). 
In this case, the propriety of defense counsel’s commitment question is
not involved, as there was no objection; indeed, counsel for both sides asked
jurors whether they would consider a long delay.  But the reason Standefer
declares such commitment questions improper is because they cannot form
the basis of a challenge for cause.  Id.
at 182 (holding commitment questions improper unless one answer must result
in valid challenge for cause). 

            When
a defendant is charged with making a false report of child abuse, the law does
not require jurors to ignore a long delay in making the report.  Nor does it require them to give it decisive
weight.  It is simply one piece of
evidence they may give whatever weight they choose.  Jurors who find it important — and jurors who
find it unimportant — are not biased; they are merely doing their job.  See id. at 183 (stating challenge for
cause cannot be based on sufficiency of an item of evidence); Coleman v.
State, 881 S.W.2d 344, 352 (Tex. Crim. App. 1994)
(holding juror could not be struck for cause based on failure to give weight to
any particular piece of evidence).  

             We hold the trial court acted within its
discretion in overruling the implied challenge for cause, and overrule
appellant’s first point of error.




Failure to Relay Offer from Prosecution

            In points of error two through four,
appellant asserts her trial counsel failed to inform her of a potential plea
offer, and thus rendered ineffective assistance.  She raised this issue in her motion for new
trial, and submitted affidavits in support. 
We review the court’s decision to deny the motion for new trial for an
abuse of discretion.  Salazar v. State,
38 S.W.3d 141, 148 (Tex. Crim. App. 2001).  

            During the punishment phase after
appellant had been found guilty, one of her two trial counsel approached the
prosecutor to discuss whether they could reach an agreed sentence.  According to appellant’s affidavits, the
prosecutor agreed to probate part of appellant’s sentence provided she served
some time in jail.  The length of
incarceration or other terms of the probation were not discussed.  The prosecutor stated in her affidavit that
no agreement was reached because defense counsel refused to agree to any time
in jail.  

            Appellant’s motion asserted her
counsel was ineffective in failing to convey this discussion to her.  To prevail on a claim of ineffective
assistance of counsel, appellant must show (1) counsel’s performance was
deficient, and (2) but for counsel’s unprofessional errors, in reasonable
probability the result of the proceeding would have been different.  Strickland v. Washington,
466 U.S. 668,
687, 694, 104 S. Ct. 2052, 2064, 2068 (1984).  

            Failure of defense counsel to inform
a criminal defendant of plea offers made by the State is an omission that falls
below an objective standard of professional reasonableness.  Ex parte Lemke,
13 S.W.3d 791, 795 (Tex. Crim. App. 2000).  But when conversations between defense
counsel and the State do not rise to the level of an “offer,” courts have declined
to find counsel’s failure to inform the defendant deficient.  See Hernandez v. State, 28 S.W.3d 660,
666 (Tex. App.—Corpus Christi 2000 pet. ref’d)
(finding failure to convey conversation reasonable when suggestion of twenty
years was not a “firm offer”).[2]

            Whether conversations between
counsel constituted an offer and acceptance are questions of fact for the trial
court.  See Rodriquez v. State,
509 S.W.2d 319, 321 (Tex. Crim. App. 1974).  Here, the evidence indicated the prosecutor
communicated a willingness to negotiate, but negotiations broke down over the
key issue of jail time.  The parties
never reached a tentative agreement counsel could take back to his client, as
evidenced by the lack of any specific terms. 
Thus, the trial court did not abuse its discretion in finding counsel
was not required to inform his client.

            Appellant also argues the decision
to reject any jail time as a condition of probation was made by her counsel
without consulting her, and thus also constituted ineffective assistance of
counsel.  Appellant must prove counsel’s deficiency by a
preponderance of the evidence.  See
Bone v. State, 77 S.W. 3d 828,833 (Tex.
Crim. App. 2002). 
Here, neither appellant’s affidavit nor that of the trial counsel
involved established that this decision was unilateral.  Obviously, counsel acted reasonably in
breaking off negotiations if appellant’s instructions to him made jail
non-negotiable.  By failing to prove otherwise,
appellant has failed to establish the first prong of Strickland. 
See 466 U.S.
at 687.  We overrule appellant’s second, third, and
fourth points of error. 

Attorney-Client Privilege

            In her final point of error,
appellant argues the trial court erred in admitting testimony protected by the
attorney-client privilege.  During the
punishment phase, the State called a civil attorney who had represented
appellant as plaintiff in a lawsuit alleging negligent transmission of a
communicable disease.  Appellant objected
to the following portion of his testimony:

[PROSECUTOR]: Did you request of this defendant that she
provide some proof of  this allegation?

            [ATTORNEY]: Yes.

[PROSECUTOR]: And did she ever provide any proof to
substantiate the allegation that Dr. Goldberg had given her some sort of
disease?

            . . . .

            [ATTORNEY]: Some, yes.

            [PROSECUTOR]: Sufficient for the
lawsuit?

            [ATTORNEY]: Not sufficient for a
finding of liability, no.

            The attorney-client privilege
protects confidential communications made for the purpose of facilitating the
rendition of professional legal services to the client.  Tex.
R. Evid. 503(b)(1).  The burden of establishing the privilege is
on the party asserting it.  Strong v.
State, 773 S.W.2d 543, 552 (Tex. Crim. App.
1989).  We review the trial court’s
decision for abuse of discretion.  Kos v. State, 15 S.W.3d 633, 637 (Tex.
App.—Dallas 2000, pet ref’d).

            Here, the attorney’s testimony
revealed only that he requested proof from appellant to substantiate her claim
and she provided some.  None of the
details of that proof were disclosed. 
While his testimony concerned a communication between the two, it did
not disclose any confidences.  The
privilege protects what the client has disclosed in confidence, not the
fact that an attorney has requested such disclosure.  See Manning v. State, 766 S.W.2d 551,
557 (Tex. App.—Dallas 1989), affirmed and opinion adopted, 773 S.W.2d
568, 569 (Tex. Crim. App. 1989) (citing United
States v. Kendrick, 331 F.2d 110, 113–14 (4th Cir. 1964)).  

            Several statutes and rules require
attorneys to investigate claims before filing them, and provide for sanctions
against attorneys who do not.  See,
e.g., Tex. Civ. Prac. & Rem. Code § 10.001(3); Tex. R. Civ.
P. 13; Tex. Disciplinary R. Prof’l Conduct 3.01,
reprinted in Tex. Gov’t Code, tit.
2, subtit.G app. A (Tex.
State Bar R. art. X, § 9). We do not believe an attorney is
required to remain silent when asked if that duty has been fulfilled.  Thus, the trial judge did not abuse his
discretion in admitting this testimony, and we overrule appellant’s final point
of error.

            The judgment of the trial court is
affirmed.

            

                                                                                    

                                                                        /s/        Scott Brister

                                                                                    Chief
Justice

 

 

Judgment rendered and Majority and
Concurring Opinions filed September 26,
 2002.

Panel consists of Chief Justice Brister and Justices Anderson and Frost. (Frost, J. Concurring).

Publish — Tex. R. App. P. 47.3(b).

 








 








Affirmed and Majority and Concurring
Opinions filed September 26,
 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-00385-CR

____________

 

BELINDA
HARVEY, Appellant

 

V.

 

THE
STATE OF TEXAS, Appellee

 



 

On
Appeal from the County Criminal
 Court
at Law No. 10

Harris County, Texas

Trial
Court Cause No. 1012398

 



 

C O N C U R R I N G   O P I N I O
N

The majority reaches the correct result but errs in concluding
that appellant failed to satisfy the first prong of the Strickland
test.  See Strickland v. Washington,
466 U.S. 668,
687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).  A criminal defense lawyer has an obligation
to keep the accused advised of communications from the prosecutor regarding a
possible plea bargain.  See id.,
466 U.S. at 688B89, 104 S. Ct. at
2065; Ex parte Wilson, 724
S.W.2d 72, 73B74 (Tex. Crim.
App. 1987);
1 Standards for Criminal Justice, Standard 4-6.2(a) (2d ed. 1980).  This obligation is especially important during
the punishment phase of a trial.  At that
point, much of the uncertainty surrounding the outcome has been eliminated
because the defendant has been convicted and knows for certain that some
punishment will follow.  Under these
circumstances, trial counsel should relay to the accused all material
communications regarding a possible plea bargain, not just those communications
that constitute Afirm offers.@  Though, in many cases, it may be difficult to
prove prejudice under the second prong of Strickland in the absence of a
firm offer for a plea bargain, this difficulty should not affect the analysis
under the first prong of Strickland as to the objective standard of
reasonableness for relaying plea-bargain communications during the punishment
phase.

The sentencing stage of any case, regardless of the potential
punishment, is Athe time at which for many defendants the
most important services of the entire proceeding can be performed,@ and
thus, during this critical phase, it is crucial that defense attorneys follow
the standards set out in the Texas Code of Professional Responsibility.  Milburn v. State, 15 S.W.3d 267,
269 (Tex. App.CHouston
[14th Dist.]
2000, pet. ref=d). 
An accused might not be willing to accept or even entertain a plea
bargain before the guilt/innocence phase of a trial has been completed, but
after a jury has returned a guilty verdict, 
the entire dynamic of the trial changes. 
Whatever communications may have transpired before conviction are of
little relevance in the critical period after conviction and before
sentencing.  Because the posture of the
case has changed dramatically, the defendant is much more likely to accept or
consider a plea bargain.

Here, after the jury returned a guilty verdict, appellant=s trial
counsel failed to advise appellant that, if she agreed to have the trial court
assess punishment, the State would consider agreeing to a probated sentence, as
long as there was some jail time as a condition of probation.  This is the kind of information counsel
representing a convicted criminal defendant facing punishment should convey to
his client.  Because appellant=s trial
counsel failed to communicate this important information to appellant, counsel=s
performance fell below an objective standard of reasonableness.  This failure satisfies the first prong of Strickland.  








Appellant, however, has not satisfied the second prong of Strickland
because she failed to demonstrate that she suffered any prejudice as a
result of her counsel=s error. 
More specifically, appellant has not shown what plea bargain would have
been acceptable to the prosecutor. 
Further, she never claimed that she would have accepted any plea offer
in the punishment phase of the trial. 
Thus, appellant has not met the second prong of Strickland.  See Ex parte
Lemke, 13 S.W.3d 791, 796B98 (Tex. Crim.
App. 2000) (holding that applicant satisfied second prong of Strickland
by testifying that he would have accepted the prosecutor=s plea
offer if his counsel had communicated it to him and that applicant did not have
to show that the trial court would have accepted the plea bargain); Ex parte Wilson, 724 S.W.2d at 74 (finding
prejudice where applicant testified he would have accepted the plea bargain
offer his counsel failed to communicate to him); State v. Williams, No.
13-00-00587-CR, 2002 WL 1824918, at *2B*3
(Tex.
App.CCorpus
Christi Aug. 1, 2002, no pet. h.) (defendant satisfied second prong of Strickland
by testifying that he would have accepted the prosecutor=s plea
offer if his trial counsel had fully explained the offer to him); Dickerson
v. State, Nos. 04-01-00051-CR & 04-01-00052-CR, 2002 WL 1368606, at *2 (Tex.
App.CSan
Antonio June 26, 2002, no pet. h.) (appellant did not satisfy second prong of Strickland
because he did not testify that he would have accepted the prosecutor=s plea
offer); Paz v. State, 28 S.W.3d 674, 676 (Tex. App.CCorpus Christi 2000, no pet.) (appellant
satisfied second prong of Strickland by testifying that he would have
accepted the prosecutor=s plea offer if his counsel had communicated
it to him).  








The Texas Court of Criminal Appeals examined the prejudice
requirement in Lemke and concluded that the applicant had shown
prejudice under Strickland by testifying that he would have accepted the
prosecutor=s plea
offer had his counsel communicated it to him.  See Ex parte Lemke,
13 S.W.3d at 796B98. 
The Court of Criminal Appeals explicitly held that the applicant did not
have to show that the trial court would have accepted the plea bargain; rather,
the court concluded the applicant was prejudiced by his missed opportunity to
accept the plea bargain offer and present it to the trial court for
consideration.  See id.  The Lemke court did not hold that a
defendant whose counsel failed to tell him about a plea offer can show
prejudice without proving he would have accepted the plea offer.  See id.  Cases decided after Lemke continue to
require a defendant to show that he would have accepted the plea offer.  See Williams, No. 13-00-00587-CR, 2002
WL 1824918, at *2B*3; Dickerson, Nos. 04-01-00051-CR
& 01-01-00052-CR, 2002 WL 1368606, at *2; Paz, 28 S.W.3d at
676.  Because appellant failed to
demonstrate, among other things, that she would have accepted a plea bargain
with some jail time as a condition of probation, she has not satisfied the second
prong of Strickland.  For this
reason, appellant=s ineffectiveness claim is without
merit.  Accordingly, this court is
correct in affirming the judgment.  

 

 

/s/        Kem Thompson
Frost

Justice

 

Judgment
rendered and Majority and Concurring Opinions filed September 26, 2002.

Panel
consists of Chief Justice Brister and Justices
Anderson and Frost.

Publish
C Tex. R. App. P. 47.3(b).

 

 

 











            [1]  The
following exchange took place at the bench when defense counsel asked the juror
about appellant’s delay in reporting the alleged abuse:

 

            [JUROR]: I think it would color my
judgment yes, that she’s guilty.

[DEFENSE COUNSEL]: So right now you’re
kind of leaning just from what you heard.

            [JUROR]: Just from what I’ve heard.

            . . . .

[PROSECUTOR]: Judge, if I may.  You understand . . . we can’t tell you the
individual facts about this defendant and this case and we’re talking to you in
hypotheticals just to get your feelings.

            [JUROR]: I understand that, yes.

[PROSECUTOR]: There may or may not be any
delay in this case.  Do you presume the
defendant innocent at this point because you haven’t heard anything about her,
correct?

[JUROR]: Right now I presume her innocent
because I haven’t heard anything but–

                         . . . .

[PROSECUTOR]: . . . I mean you’re not
just going to find her guilty because [Defense counsel] said something on voir dire, are you? You’re going to listen to the facts
under oath and make your decision.

            [JUROR]: Yes, but I already have
that in the back of my mind. 

            . . . .

            [JUROR]: I [sic] just the time
really bothers me. 

[THE COURT]: It may bother you.  Are you automatically going to use that to
convict someone?

            [JUROR]:
I don’t think I could automatically convict someone.  





            [2] See also United
States v. Plewniak, 947 F.2d 1284, 1289 (5th Cir.
1991) (finding letter from prosecutor not specific enough to be an “offer”); Catlett
v. State, 962 S.W.2d 313, 324 (Ark. 1998) (finding counsel was not
ineffective when counsel discussed but never reached plea agreement); Lane
v. State, 492 S.E.2d 230, 233 (Ga. 1997) (upholding trial court’s finding
that State made no actual plea offer).