COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-482-CR

 

 

DEBRAH PEASE                                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 211TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Debrah Pease entered an open plea of
guilty to the charge of possession of more than four and less than 200 grams of
methamphetamine with intent to deliver, and after a punishment hearing, the trial
court sentenced her to twenty-four years=
imprisonment.  In a single issue, Pease
argues that she was denied effective assistance of counsel because her trial
counsel failed to properly advise her regarding the State=s
original plea offer.








We apply a two‑pronged test to ineffective
assistance of counsel claims.  Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas
v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); Mallett v. State,
65 S.W.3d 59, 62B63 (Tex. Crim. App. 2001); Hernandez
v. State, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999); Thompson v.
State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  There is no requirement that an appellate
court approach the two-pronged inquiry of Strickland in any particular
order, or even address both components of the inquiry if the defendant makes an
insufficient showing on one component.  Strickland,
466 U.S. at 697, 104 S. Ct. at 2069.

When a defendant asserts ineffective assistance
in the plea-bargaining process, in order to satisfy the second Strickland
prong, she must establish that but for her trial counsel=s
ineffective assistance she would have accepted the plea offer.  See Aldrich v. State, No. 2‑05‑00303‑CR,
2009 WL 2650611, at *32 n.14 (Tex. App.CFort
Worth Aug. 25, 2009, no pet. h.) (op. on reh=g)
(citing Ex parte Lemke, 13 S.W.3d 791, 796B98 (Tex.
Crim. App. 2000), Dickerson v. State, 87 S.W.3d 632, 638 (Tex. App.CSan
Antonio 2002, no pet.), and State v. Williams, 83 S.W.3d 371, 374B75 (Tex.
App.CCorpus
Christi 2002, no pet.)).








In this case, the State=s
original plea offer included a recommendation of ten years=
deferred adjudication.  Pease=s
appointed trial counsel told Pease about the offer but advised her that he
thought he could get a better offer.  Two
days before the offer expired, Pease retained a different attorney to represent
her.  Pease did not accept the State=s
original offer, and it expired.

At the punishment hearing, Pease=s first
attorney testified that at the time of the State=s
original plea offer, he was suffering from health issues and that his
medication prevented him from giving Pease good advice.  He testified that had he been in good health,
he would have recommended that she take the offer.  Pease=s second
attorney testified that he did not recall knowing about the original plea offer
until it had expired.








We need not address whether, under the first Strickland
prong, Pease=s first attorney was ineffective
due to his advice regarding the State=s plea
offer because Pease has not satisfied the second Strickland prong.  See Strickland, 466 U.S. at 697, 104
S. Ct. at 2069.  Nothing in the record
before us shows that Pease would have accepted the State=s
original plea offer had her trial counsel advised her differently.  See Aldrich, 2009 WL 2650611, at *32
n.14 (holding that appellant=s
failure to show that he would have accepted plea offer if adequately conveyed
to him did not satisfy second Strickland prong).  Pease did not testify at the punishment
hearing, assert in a motion for new trial, or even argue on appeal that she
would have accepted the plea offer had counsel advised her differently.  Accordingly, we overrule Pease=s sole
issue on appeal and affirm the trial court=s
judgment.

 

 

PER
CURIAM

 

PANEL: WALKER, DAUPHINOT,
and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: October 15,
2009











[1]See Tex. R. App. P. 47.4.