

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-08-482-CR**

DEBRAH PEASE                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Debrah Pease entered an open plea of guilty to the charge of possession of more than four and less than 200 grams of methamphetamine with intent to deliver, and after a punishment hearing, the trial court sentenced her to twenty-four years' imprisonment.  In a single issue, Pease argues that she was denied effective assistance of counsel because her trial counsel failed to properly advise her regarding the State's original plea offer.

---

[1] *See* Tex. R. App. P. 47.4.

We apply a two-pronged test to ineffective assistance of counsel claims. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). There is no requirement that an appellate court approach the two-pronged inquiry of *Strickland* in any particular order, or even address both components of the inquiry if the defendant makes an insufficient showing on one component. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

When a defendant asserts ineffective assistance in the plea-bargaining process, in order to satisfy the second *Strickland* prong, she must establish that but for her trial counsel's ineffective assistance she would have accepted the plea offer. *See Aldrich v. State*, No. 2-05-00303-CR, 2009 WL 2650611, at *32 n.14 (Tex. App.—Fort Worth Aug. 25, 2009, no pet. h.) (op. on reh'g) (citing *Ex parte Lemke*, 13 S.W.3d 791, 796–98 (Tex. Crim. App. 2000), *Dickerson v. State*, 87 S.W.3d 632, 638 (Tex. App.—San Antonio 2002, no pet.), and *State v. Williams*, 83 S.W.3d 371, 374–75 (Tex. App.—Corpus Christi 2002, no pet.)).

In this case, the State's original plea offer included a recommendation of ten years' deferred adjudication. Pease's appointed trial counsel told Pease

2

about the offer but advised her that he thought he could get a better offer. Two days before the offer expired, Pease retained a different attorney to represent her. Pease did not accept the State's original offer, and it expired.

At the punishment hearing, Pease's first attorney testified that at the time of the State's original plea offer, he was suffering from health issues and that his medication prevented him from giving Pease good advice. He testified that had he been in good health, he would have recommended that she take the offer. Pease's second attorney testified that he did not recall knowing about the original plea offer until it had expired.

We need not address whether, under the first *Strickland* prong, Pease's first attorney was ineffective due to his advice regarding the State's plea offer because Pease has not satisfied the second *Strickland* prong. *See Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069. Nothing in the record before us shows that Pease would have accepted the State's original plea offer had her trial counsel advised her differently. *See Aldrich*, 2009 WL 2650611, at *32 n.14 (holding that appellant's failure to show that he would have accepted plea offer if adequately conveyed to him did not satisfy second *Strickland* prong). Pease did not testify at the punishment hearing, assert in a motion for new trial, or even argue on appeal that she would have accepted the plea offer had counsel

3

advised her differently.  Accordingly, we overrule Pease's sole issue on appeal and affirm the trial court's judgment.

PER CURIAM

PANEL: WALKER, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 15, 2009