**DOLGENCORP OF TEXAS, INC., d/b/a Dollar General Store, Appellant,**

v.

**Maria Isabel LERMA, individually and d/b/a Le Styles, et al., Appellees.**

No. 13–03–314–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Aug. 23, 2007.

Rehearing Overruled Nov. 29, 2007.

Alan Neil Magenheim, Magenheim & Associates, Houston, Scott A. Whisler, Dallas, Jennifer S. Edwards, Kevin D. Jewell, Chamberlain, Hrdlicka, White, Williams & Martin, Houston, for Appellant.

Maria Teresa Arguindegui, Law Offices of Maria Teresa Arguindegui, Alice Oliver–Parrott, Burrow & Parrott, LLP, Houston, Eddie Trevino, Jr., Law Offices of Eddie Trevino, Jr., Brownsville, for Appellees.

Before Justices RODRIGUEZ, GARZA, and BENAVIDES.

## OPINION ON REHEARING

Opinion on Rehearing by Justice GARZA.

This appeal arises out of a post-answer default judgment entered against Dolgencorp of Texas, Inc, d/b/a Dollar General Store ("Dollar General"). Dollar General raises four issues: (1) there is no legally or factually sufficient evidence to prove proximate cause; (2) the judgment is based on an unpleaded theory of recovery; (3) the trial court abused its discretion in denying its motion for new trial; and (4) the administrative judge abused his discretion in failing to recuse the Honorable Abel Limas from hearing the motion for new trial. We withdraw our previous opinion [1] and affirm the judgment of the trial court.

## I. Background

Appellees [2] and Dollar General were all tenants in the Palm Village Shopping Cen-

---

1. *Dolgencorp of Tex., Inc. v. Lerma,* No. 03–314–CV, 2005 WL 1838633 (Tex.App.-Corpus Christi 2005, no pet.) (mem.op.).

2. Appellees are Maria Isabel Lerma, individually and d/b/a Le Styles; Cesar Cepeda and Martha Longoria, individually and d/b/a Baby Gallery; Eduardo Sanches, individually and d/b/a Pitti's Pizza; and Fidel Saldana, individually and d/b/a Palm Paint & Decorating Gallery.

ter. Appellees sued Dollar General alleging that its negligence caused a fire that damaged their leased space and inventory on May 9, 2000. The case was scheduled for trial on February 24, 2003.

On February 21, 2003, during docket call and after announcing ready for trial, Christopher Sachitano, an associate with the firm of Harrison, Bettis & Staff, informed the 103rd District Court of Cameron County, for the first time, that Dollar General's lead counsel, Clifford L. Harrison, was preferentially[3] set for trial in another case in Harris County on Tuesday, February 25. Sachitano did not request a continuance. The trial judge marked the case "ready," asked the attorneys to return on Monday, and stated "we'll see what happens."

On Monday, February 24, Sachitano appeared for trial in the 404th District Court.[4] Sachitano informed Judge Limas that Harrison was preferentially set for trial in another case in Harris County and that Harrison could not make it to Cameron County for trial. Sachitano stated that he was not qualified to try the case. Appellees' counsel informed the court that all parties had announced ready for trial the previous Friday. After a discussion in chambers, the court proceeded with jury selection and informed everyone that the trial would start on Wednesday afternoon or Thursday morning.

On Wednesday, February 26, the case was called for trial by Judge Limas. Appellees' counsel announced "present and ready." There was no appearance by counsel for Dollar General. The jury was dismissed and appellees proceeded with a bench trial resulting in a default judgment in their favor. This appeal ensued.

## II. Legal and Factual Insufficiency

Dollar General's first issue complains that plaintiffs presented legally or factually insufficient evidence that Dollar General's negligence proximately caused the fire in question. In conducting a legal sufficiency review, we credit evidence supporting the judgment if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex. 2005). We will sustain a legal sufficiency, or no-evidence, point if the record reveals one of the following: (1) the complete absence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence established conclusively the opposite of the vital fact. *See Uniroyal Goodrich Tire Co. v. Martinez,* 977 S.W.2d 328, 334 (Tex.1998). If more than a scintilla of evidence exists, it is legally sufficient. *Lee Lewis Constr., Inc. v. Harrison,* 70 S.W.3d 778, 782 (Tex. 2001). More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about a vital fact's existence. *Id.* at 782–83.

In conducting a factual sufficiency review, we view all the evidence in a neutral light to determine whether the contested finding is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust, shock the conscience, or clearly demonstrate bias. *Golden Eagle Archery, Inc. v. Jackson,* 116 S.W.3d 757, 761–62 (Tex.2003); *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex.1986).

---

**3.** *See generally* 2D TEX. ADMIN. JUD. REGION LOC. R. 10; HARRIS (TEX.) CIV. DIST. CT. LOC. R. 10.

**4.** The case was transferred to the 404th District Court pursuant to the Cameron County local rules.

■ Dollar General argues that the only evidence presented by appellees at trial was offered to support a theory that a malfunctioning or defective light fixture caused the fire, a "premises defect" claim. The evidence, according to Dollar General, can be summed up in the two fire investigation reports introduced by the appellees at trial. In the Brownsville Fire Department's report, the report indicated the cause of the fire was "suspicious." The report states:

> The fire started in the northwest corner of the sales floor and spread to consume the entire back corner area of this establishment. The fire originally was thought to have come from a ballast from one of the lights in that area however, *it was later determined that the electrical system was not the cause of this fire* even though several deficiencies were found in the electrical system. After systematically ruling out all other accidental causes, *it was determined that this fire is of a suspicious nature and remains open* for investigation....

(Emphasis added by appellant)

Dollar General argues that this evidence conclusively disproves appellees' sole theory of liability presented at trial. Appellees disagree and contend the investigator left the matter "open for investigation."

The insurance company for Palm Valley Shopping Center's landlord retained Engineering and Fire Investigations to investigate the source of the fire. Investigator Bill Green's report states that:

> Available heat and possible ignition sources in the origin area include structural electrical wiring, lighting system components and incendiary. Examination of the structural electrical wiring revealed no evidence of malfunction. A failure or malfunction of one or more of the components in the lighting system

and incendiary cannot be eliminated as a cause at this time.

> The accessible components of the lighting system were examined, and no conclusive evidence of an ignition source was noted.... The possibility of an incendiary fire has not been totally ruled out at this time. This is the second fire in 18 days at a Dollar General Store in the Rio Grande Valley. However, there was no conclusive evidence of incendiarism found during the investigation.

Thus, according to Dollar General, the source of the fire could not be attributed to Dollar General's lighting system. Dollar General contends that "neither report determines, within reasonable probability, the cause of the fire. Neither report concludes that, more likely than not, a malfunctioning or defective light fixture caused the fire."

In response, appellees point out that Green's report states "a failure or malfunction of one or more of the components in the lighting system and incendiary cannot be eliminated at this time." Green's report also summarized the investigative efforts of the Fire and Arson Division of the Brownsville Fire Department. According to the report, Raul Salazar, Fire Marshal for the City of Brownsville, concluded that "this fire originated between the ceiling and roof and was caused by a failure or malfunction in the lighting system." Salazar was the acting chief on the day of the fire and was at the scene of the fire in its early stages. Under his direction, statements were obtained from witnesses and store employees that indicated that as early as 5:20 p.m., store personnel were notified by a customer of "something smelling like it was burning." Again at 8:17 p.m., a customer informed employees of a "bad smell, described as like hot tar." The store employees indicated they either observed the smell or were told about it.

One of the overhead lights had been blinking or going off, so the store manager had the bulbs removed. One employee, believed to be a regional manager, called Diamond Electric and asked them to come the next day to take care of whatever was wrong.

At trial, Eduardo Flores, a Dollar General employee working on May 9, testified he smelled "smoke or some kind of electrical burning." The lights had been "flickering" and he was asked to remove a fluorescent light fixture. He replaced the fixture but "continued to smell smoke or some kind of strange electrical burning." Management for Dollar General did not call the fire department or electric company to investigate or turn the power off in the area of concern to investigate.

Maria del Socorro Moyera testified she was a customer at the Dollar General store on May 9. She recalled smelling something like an electrical burn. She and her sister felt uncomfortable and decided to leave the store but on their way out told a cashier that "it smelled like if something was burning." The response they received was that "they were having electrical problems."

Customer Rosa Maria Pena testified she was in the store at approximately 6:00 p.m. on May 9. She noticed a "bad smell" that was "strong." She reported the bad smell to a cashier who informed her that the manager had been notified and "they were going to change the light bulbs."

The City of Brownsville Fire Marshal, Ben Nunez, testified that he assisted Bill Green in investigating the fire. Nunez opined "there was no conclusive evidence of any incendiary fire or arson." He testified "the only possible scenario that I would think of would be an electrical malfunction or failure in the fluorescent light fixtures possibly involving the ballast." Nunez explained "as you enter a confined space where an electrical light fixture is going bad because of the ballast, it's a very distinctive smell. It smells like tar or some plastics burning." It was his understanding that Dollar General made no attempts to remedy the situation other than change a light bulb. Finally, Nunez testified that the extensive smoke and water damage suffered by appellees was caused by the fire that originated in the Dollar General store.

Dollar General argues the appellees must offer some evidence of what Dollar General actually did or failed to do to cause the fire. We conclude the foregoing evidence constitutes more than a scintilla of evidence that Dollar General was aware of a potential problem and failed to take action to investigate the problem. *See El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987) (discussing the "general duty to exercise reasonable care to avoid foreseeable injury to others"). The evidence is, therefore, legally sufficient to support the verdict. *Lee Lewis Constr., Inc.*, 70 S.W.3d at 782.

Further, the finding of causation is not so contrary to the great weight and preponderance of the evidence as to be manifestly unjust, shock the conscience, or clearly demonstrate bias. *Golden Eagle Archery*, 116 S.W.3d at 761–62; *Pool*, 715 S.W.2d at 635.

Dollar General's first issue is overruled.

### III. Pleadings

■ Dollar General next asks us to reverse the judgment because it is based on an unpleaded theory of recovery. In the context of post-answer default judgments, a claimant is not permitted to obtain relief on a theory of which the defendant cannot be said to have "fair notice" from the pleadings. *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex.1979). "A post-an-

swer 'default' constitutes neither an abandonment of defendant's answer nor an implied confession of any issues thus joined by the defendant's answer." *Id.* In such a case, judgment cannot· be entered on the pleadings, and the plaintiff must offer evidence and prove his case as in a judgment upon a trial. *See id.*

■ Dollar General contends that plaintiffs' trial theory was that the fire was caused by a defective or malfunctioning light fixture which was not alleged in plaintiffs' live pleading.[5] Appellees' live pleading, their second amended petition, alleged negligence, negligent activities, premises defect, and breach of contract.[6] Appellees' premises defect claim alleged a dangerous condition existed at the shopping center, "specifically, the lack of a complete firewall and fire prevention devices such as a sprinkler system." However, the petition also alleged ordinary negligence, including a paragraph describing the events leading to the fire. Appellees alleged that Dollar General's breach of the duty of ordinary care proximately caused their damages.

■ In determining whether a cause of action was pled, the plaintiff's pleadings must be adequate for the court to be able to, from an examination of the pleadings alone, "ascertain with reasonable certainty and without resorting to information aliunde the elements of plaintiff's cause of

action and the relief sought with sufficient information upon which to base a judgment." *Id.; Rodriguez v. Lutheran Soc. Serv., Inc.,* 814 S.W.2d 153, 155 (Tex.App.-San Antonio 1991, writ denied). Mere formalities, minor defects and technical insufficiencies will not invalidate a default judgment where the petition states a cause of action and gives "fair notice" to the opposing party of the relief sought. *Stoner,* 578 S.W.2d at 683; *Edwards Feed Mill v. Johnson,* 158 Tex. 313, 311 S.W.2d 232, 235 (1958); *Wallace v. Ramon,* 82 S.W.3d 501, 504 (Tex.App.-San Antonio 2002, no pet.).

The principle that a plaintiff will not be permitted to obtain relief on a cause of action which is not contained in pleadings of which the defendant can be said to have "fair notice" has been applied by Texas courts to a post-answer "default" judgment, where a defendant has answered but fails to appear for trial. *Stoner,* 578 S.W.2d at 683; *Mullen v. Roberts,* 423 S.W.2d 576, 579 (Tex.1968); *City of Fort Worth v. Gause,* 129 Tex. 25, 101 S.W.2d 221, 223 (1937). This doctrine has been summarized as follows:

> The rules expressly countenance more general allegations than formerly were permitted, and the default judgment will stand if the plaintiff has alleged a claim upon which the substantive law will give relief, and has done so with sufficient particularity to give fair notice to the

---

**5.** In its Motion for New Trial, Dollar General complained it was denied the opportunity from presenting a meritorious defense and stated: "Additionally, plaintiffs had indicated in deposition questions that it may be alleged that Dolgencorp was negligent since, several hours before the fire, several Dollar General employees and customers indicated that they had smelled something burning and that there had been problems with a light fixture. Plaintiffs contended that such negligence proximately caused damages to their businesses due to the resulting fire, smoke and water. Dollar General was prepared to pres-

ent evidence that the Brownsville Fire Marshal as well as another fire investigator had investigated the fire and specifically whether the fire was electrical in origin, and had ruled out the probability that the fire was caused by the light fixture or that the fire was electrical in origin."

**6.** The breach of contract action was alleged against Palm Village Shopping Center, Inc. and Elaine D. Wiedermann who settled prior to trial.

defendant of the basis of his complaint, even though he has stated some element or elements in the form of legal conclusions which will need to be revised if attacked by special exceptions.

*Stoner*, 578 S.W.2d at 683 (citing 4 Mc-Donald, Texas Civil Practice § 17.23.3 at 120 (1971)).

The trial court's judgment awarded damages to each of the plaintiffs "with respect to their cause of action for negligence." Plaintiffs' Second Amended Petition alleged the fire resulted from Dollar General's negligence and was the proximate cause of their damages. We conclude this live pleading gave fair notice to Dollar General of appellees' trial theory, and the cause of action was sufficiently pleaded to support the judgment.

Dollar General's second issue is overruled.

### IV. Motion for New Trial

■ By its third issue, Dollar General contends the trial court abused its discretion in denying its motion for new trial. Dollar General's complaint is essentially that the trial court erred in proceeding with a bench trial and subsequently granting a default judgment.

In this case, counsel for Dollar General appeared at docket call, announced ready, successfully opposed appellee's motion for continuance of the trial setting, appeared on the day the case was called to trial, and participated in jury selection. In addition, counsel was instructed that trial would resume two days later, on February 26, at 1:30 p.m., with the possibility that trial may start "earlier or later" if any changes came about.

On February 21, Sachitano informed Judge Limas that they would keep the trial coordinator with the Harris County court in contact with him "just in case something develops in that trial in Harris County." Counsel for appellees asked Sachitano if he wanted to start earlier, Sachitano replied "Yes, sir or earlier. I'll make sure there's communication between that coordinator and your coordinator." The court then instructed the bailiff to obtain the jurors phone numbers "in case anything changes. Well, not change. In case the time frame for the—in case we have to start the case earlier or later. To be on stand by."

On Tuesday, February 25 and Wednesday, February 26, Harrison had Judge Works, Works' coordinator, and his own legal assistant call Judge Limas' coordinator to inform him that he was still in trial in Harris County. Harrison testified that although neither he nor Sachitano heard back from Judge Limas' court regarding the trial setting, they assumed trial would not proceed. Yet, both Harrison and Sachitano agreed that because the case was marked "ready," they were aware of the possibility that it might go to trial on February 26.

The essence of Dollar General's appellate complaint is that the trial court erred by proceeding with a bench trial on the merits because the court had been advised of counsel's scheduling problem. The fact that the present case had already been set upon the trial docket is significant. Rule 247 of the Texas Rules of Civil Procedure provides that, "no cause which has been set upon the trial docket of the court shall be taken from the trial docket for the date set except by agreement of the parties or for good cause upon motion and notice to the opposing party." Tex.R. Civ. P. 247. No continuance or postponement was sought or granted in this case. It was scheduled for February 26, and it was Dollar General's counsel's responsibility to be available for trial or to secure another attorney to appear. We cannot say the

trial court abused its discretion in commencing the trial on February 26 and in denying Dollar General's motion for new trial.

■ In this context, rules 251 and 253 of the Texas Rules of Civil Procedure provide a remedy, via motion for continuance, through which Dollar General's counsel could have resolved his conflicting settings. Counsel for Dollar General could have filed a motion for continuance seeking to reset the February 26 setting but chose not to do so. Harrison testified he was too busy with a major trial and did not have time to file a motion for continuance; however, he also testified that there were 12 other attorneys in his firm, including Sachitano, who could have filed a motion for continuance. In fact, Sachitano testified he was available to appear and present a request for continuance. Sachitano did not appear because Harrison instructed him not to. Generally, absence of counsel is not good cause for a continuance. TEX.R. CIV. P. 253; *Rehabilitation Facility v. Cooper,* 962 S.W.2d 151, 155–56 (Tex.App.-Austin 1998, no pet). The court does, however, have discretion to allow a continuance if good cause is shown. *See Rehabilitation Facility,* 962 S.W.2d at 155. Again, Dollar General failed to seek this remedy.

■ Even if Dollar General had filed a motion for continuance, any error in denying a continuance would have been waived because it had announced ready on two occasions. An announcement of "ready" waives the right to seek a continuance based upon any facts that are known, or with proper diligence should have been known, when the announcement is made. *Reyna v. Reyna,* 738 S.W.2d 772, 775 (Tex.App.Austin 1987, no writ); *see E.C., Jr. ex rel. Gonzales v. Graydon,* 28 S.W.3d 825, 828 (Tex.App.-Corpus Christi 2000, no pet.).

■ In contending that the trial court abused its discretion in denying the motion for new trial, Dollar General contends that it satisfied the *Craddock* requirements for setting aside a post-answer default judgment. *See Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939). Under *Craddock,* a default judgment should be set aside and a new trial granted if (1) the failure to answer was not intentional or the result of conscious indifference but was due to a mistake or accident, (2) the defendant sets up a meritorious defense, and (3) the motion is filed at such time that granting a new trial would not result in delay or otherwise injure the plaintiff. *See id.* Appellees, in contrast, contend that the *Craddock* test does not apply because the rules provide the defaulting party a remedy, such as the option of filing a motion for continuance. Appellees rely on *Carpenter v. Cimarron Hydrocarbons Corp.,* 98 S.W.3d 682, 685 (Tex.2002).

Assuming, without deciding, that *Craddock* does apply in the present case, we would nevertheless conclude that Dollar General's assertion that the trial court erred in overruling its motion for new trial is unpersuasive. Given the record, the trial court was clearly within its discretion to find that Dollar General's counsel's failure to appear on February 26 was intentional or the result of conscious indifference given the evidence that: (1) Harrison was aware of the possibility that trial could proceed on February 26, (2) there were 12 other attorneys in Harrison's office who could have represented appellant, and (3) Harrison instructed Sachitano not to appear. Accordingly, Dollar General failed to meet the first prong of the *Craddock* test.

■ Further, Dollar General failed to meet the second prong of the *Craddock* test requiring it to set up a meritorious

defense. Dollar General's motion for new trial consists of a number of conclusory allegations attempting to "set up" a meritorious defense. However, conclusory allegations do not satisfy the meritorious defense requirement. *Boyes v. Morris Polich & Purdy, LLP,* 169 S.W.3d 448, 453 (Tex.App.-El Paso 2005, no pet.); *see Holt Atherton Ind., Inc. v. Heine,* 835 S.W.2d 80, 82 (Tex.1992).

If we were to agree with appellees that the test set forth in *Carpenter* applied, our result would not change. In *Carpenter,* the Texas Supreme Court held that *Craddock* does not apply to a motion for new trial filed after judgment has been granted on a summary judgment motion to which the nonmovant failed to timely respond when the movant had an opportunity to seek a continuance or obtain permission to file a late response. *Carpenter,* 98 S.W.3d at 686. In other words, *Craddock* does not apply when the rules provide the defaulting party a remedy. In the instant case, counsel for Dollar General could have filed a motion for continuance seeking to reset the February 26 setting, but he chose not to do so. Moreover, *Carpenter* requires a party to establish good cause by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference. *See Carpenter,* 98 S.W.3d at 688. Again, given the record before us, and given the knowledge and acts of Dollar General's counsel, the trial court was within its discretion to conclude that counsel's failure to appear was intentional or the result of conscious indifference.[7]

We overrule Dollar General's third issue.

## V.   Motion to Recuse

■ In its final issue, Dollar General asserts the trial court abused its discretion in failing to recuse Judge Limas from hearing its Motion for New Trial. We review the denial of a motion to recuse under an abuse of discretion standard. If the motion to recuse is denied, an appellate court may review that denial on appeal from the final judgment for abuse of discretion. Tex.R. Civ. P. 18a(f); *Brosseau v. Ranzau,* 81 S.W.3d 381, 399 (Tex.App.-Beaumont 2002, pet.denied). The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules or principles, or acted arbitrarily or unreasonably. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241 (Tex.1985).

Dollar General filed a motion for new trial subject to its motion to recuse Judge Limas. As grounds for a new trial, Dollar General asserted it was denied due process, its right to trial by jury, and its right to representation by counsel of its choice. In its motion to recuse Judge Limas, Dollar General alleged Judge Limas was a material witness and should be recused pursuant to Texas Rule of Civil Procedure 18b(2).[8]

The matter was referred to the Presiding Judge of the Fifth Administrative Judicial District, Judge Darrell Hester, now deceased. Dollar General argued that Judge Limas was a witness because he was directly involved in the communica-

---

7. In regard to Dollar General's counsel's failure to appear, Judge Limas stated "this court does not take too kindly their mannerism and the respect for the court system down here in South Texas."

8. Under Texas Rule of Civil Procedure 18b(2), a judge shall recuse himself in any proceeding in which, *inter alia,* his impartiality might reasonably be questioned, or he is to the judge's knowledge likely to be a material witness in the proceeding. *See* Tex.R. Civ. P. 18b(2)(a),(f).

tions between his court and the court in Harris County.

 When deciding a motion for new trial, it is not improper for the trial judge to rely, in part, upon his or her personal recollections of the evidence and proceedings at trial. *Dickerson v. State,* 87 S.W.3d 632, 642 (Tex.App.-San Antonio 2002, no pet.) (citing *George v. State,* 20 S.W.3d 130, 139 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd)). If a judge's knowledge is derived solely from the testimony and events witnessed by him in the courtroom, he does not thereby become a witness and his recollection of the proceedings does not constitute testimony. *Dickerson,* 87 S.W.3d at 642; *George,* 20 S.W.3d at 137–38.

On the record, Judge Hester reviewed the laundry list of matters to which Dollar General was alleging Judge Limas was a material witness. Judge Hester relied on *Dickerson* in determining that Judge Limas "could take notice of whatever he saw and heard in ruling on the motion for new trial." *Dickerson,* 87 S.W.3d at 642. Judge Hester also found these matters to be hearsay. *See* TEX.R. EVID. 802. He also concluded that these matters were not extrajudicial and thus did not require recusal under *United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966) (holding that to require recusal, a judge's bias must be extrajudicial and not based upon in-court rulings), and *Grider v. Boston Co.,* 773 S.W.2d 338, 346 (Tex.App.-Dallas 1989, writ denied) (same).

We cannot say that Judge Hester acted without reference to any guiding rules or principles in making his decision. *See Downer,* 701 S.W.2d at 241. To the contrary, Judge Hester stated his authority on the record. Accordingly, Judge Hester did not abuse his discretion in denying Dollar General's motion to recuse Judge Limas.

Dollar General's fourth issue is overruled.

## VI. Conclusion

Having overruled each of Dollar General's issues on appeal, we affirm the judgment of the trial court.